## PREBLE v. BATES et al.

*(Circuit Court, D. Massachusetts. March 5, 1889.)*

1. NEW TRIAL—TIME OF FILING—ADDITIONAL GROUNDS.
   When a motion for a new trial is filed within the two days after verdict, as required by a rule of court, and before its decision another motion is filed on the ground of evidence discovered after the expiration of the two days, the latter will be construed as an amendment or addition to the former motion, and both grounds will be considered.

2. SAME—WAIVER OF MOTION—TENDER OF BILL OF EXCEPTIONS.
   Pending a motion for a new trial, if a party tender a bill of exceptions he will be required to elect whether he will waive his motion so far as it is based on questions of law that might be embodied in a bill of exceptions, but the presenting of a bill of exceptions does not itself constitute a waiver of the motion.

At Law. On motion to dismiss motions for new trial.
*B. F. Butler* and *L. C. Southard*, for plaintiff.
*Samuel Hoar*, for defendant.

COLT, J. The defendants in this case filed a motion for a new trial within two days after verdict against them under law rule 26. At a subsequent date they filed another motion for a new trial, asking that the verdict be set aside on the additional ground of newly-discovered evidence. The plaintiff now moves to dismiss these motions, on the ground that the first motion was waived by the filing of the subsequent motion, and that the subsequent motion is irregular, because not

filed within the time allowed under the rule. I think the defendants preserved their rights under the rule by filing a motion within the two days allowed, and that the second motion, so called, should be construed to be in amendment of, or in addition to, the first motion, rather than a distinct motion for a new trial. It would be going too far, perhaps, to say that a party must set out within the limited time specified by the rule all the grounds upon which he bases his motion. He may not with the utmost diligence be able to discover within two days every ground he can fairly take. For example, in this case, as I understand it, the alleged newly-discovered evidence did not come to the knowledge of defendants' counsel until some days after the expiration of the time allowed by the rule. The rule should receive a reasonable construction; and provided a party has filed his motion for a new trial within the two days, setting out his reasons in the light of the knowledge he then possesses, he should not be deprived of the right of bringing forward additional grounds, which he could not have known at the time, because the facts were not within his knowledge. I do not think, therefore, that either of the defendants' motions should be dismissed, but that they should be allowed to stand as one motion. The plaintiff also moves that the bill of exceptions to be tendered by the defendants be not signed, on the ground that the filing of the motion for a new trial constitutes a waiver of their bill of exceptions. I do not understand that the mere filing of a motion for a new trial is a waiver of the right to a bill of exceptions. The most that can be said is, under the decision of Judge STORY, in *Cunningham* v. *Bell*, 5 Mason, 173, that the court will require the party to elect whether he will proceed to a hearing on his motion, or, waiving that, proceed upon his writ of error to the supreme court. The scope of Judge STORY's decision is this: that where a party means to apply to the appellate court for a final decision of the law of the case, he should do so without delay, and that he should not be permitted to argue the same questions before the lower court. This seems to be most convenient for the due administration of justice. But I think this rule should be subject to this qualification: that while a party has no right to bring forward in a motion for a new trial any legal question which could properly be embodied in a bill of exceptions, he should not be deprived of the right of presenting to the court in the form of a motion for a new trial questions which cannot properly be made a part of a bill of exceptions; such as that the verdict is against the weight of evidence, or that the party is entitled to a new trial on the ground of the discovery of new evidence. To hold otherwise would be to deprive a defeated party of taking advantage of all of his legal remedies. Where a verdict is given against the weight of evidence, or where new evidence has been discovered, the remedy of a party is by motion for a new trial. He has no remedy in a court of error. Such a motion is addressed largely to the discretion of the court, and its decision is not reviewable by the appellate court. *Mulhall* v. *Keenan*, 18 Wall. 342; *City* v. *Babcock*, 3 Wall. 240. The supreme court have held that in the absence of a rule to the contrary a motion for a new trial was not a waiver of a writ

of error.   *U. S.* v. *Dashiel,* 4 Wall. 182; *U. S.* v. *Hodge,* 6 How. 279. In this circuit there is no rule of court on this subject.   The plaintiff relies upon the language of Judge STORY in *Cunningham* v. *Bell,* but I do not think that language should receive the broad interpretation contended for.   In *Stave Co.* v. *Manufacturing Co.,* 32 Fed. Rep. 822, the facts were quite different.   In that case the court found an express waiver of the exceptions.   I am of opinion that under the law of this circuit a party should not be allowed to be heard on a motion for a new trial embracing the same questions of law which are embodied, or could properly be embodied, in his bill of exceptions, and that under these circumstances the motion for a new trial will not be heard, unless he consents to waive his exceptions.   At the same time I think a party should be heard, on a motion for a new trial which is confined to such questions as could not be properly embraced in his bill of exceptions without waiving his right to a writ of error.   In the present case, I shall allow the defendants to be heard on their motion for a new trial, if limited to questions which could not properly be raised in their bill of exceptions.   The plaintiff's motions in this case are overruled, and the defendants may have leave to amend their motion for a new trial.