THE STATE ex inf. VIRGIL CONKLING, Prosecut-
ing Attorney, ex rel. JOHN C. HENDRICKS et
al. v. JAMES M. SWEANEY et al., Plaintiffs in
Error.

**In Banc, May 22, 1917.**

1. **BILL OF EXCEPTIONS:** No Order of Court. It is not a necessary
prerequisite, in a case arising since the passage of the Act of 1911,
to the right to file a bill of exceptions, that the trial court should
make an order during the term at which exceptions were taken
granting leave to file the bill thereafter. If the exceptions which
comprise the bill were taken at the May term, 1912, and no entry
or order was made at that term granting leave to file the bill there-
after, a bill presented, allowed and filed at the November term,
1914, being prior to the time plaintiffs in error were required to
serve their abstract, will be considered for purposes of review.

2. **VILLAGE OR TOWN SCHOOL DISTRICT:** Division Into Two or
More Districts. Section 10881, Revised Statutes 1909, does not pro-
vide a way for dividing a town, city or consolidated school district
into two or more districts. Nor do any other statutes provide any
direct way by which such division can be accomplished.

Error to Jackson Circuit Court.—*Hon. William O.
Thomas,* Judge.

AFFIRMED.

*Smart & Strother* for plaintiffs in error.

(1) The division of the School District of Dallas
as shown by the record herein, was authorized by law.
R S. 1909, secs. 10837, 10839, 10840, and 10881; School
District No. 1 v. School District No. 4, 94 Mo. 620. (2) In
construing statutes "words and phrases shall be taken
in their plain or ordinary and usual sense," and "if
possible, some meaning must be given every word in an
act." R. S. 1909, Sec. 8057; Collier Estate v. Pav-
ing & Supply Co., 180 Mo. 379; St. Louis v. Lane, 110
Mo. 258. (3) "Where a court of last resort construes

a statute, and that statute is afterwards re-enacted or continued in force, without any change in its terms, it is presumed that the Legislature adopted the construction given to it by the court.'' Handlin v. Morgan County, 57 Mo. 116; Northcutt v. Eager, 132 Mo. 277. (4) Statutes are to be construed as to give effect to all their provisions and to harmonize their various provisions with each other, and so as to effectuate the legislative intent. State to use v. Heman, 70 Mo. 451; State ex inf. v. Burkhead, 187 Mo. 35; State ex rel. v. Gordon. 261 Mo. 646-649; Lexington v. Bank, 130 Mo. App. 692. (5) The proceedings leading up to the division of the School District of Dallas were in strict accordance with the statutes. R. S. 1909, secs. 10837, 10879; State ex rel. v. Andrae, 216 Mo. 617; School District v. Chappel, 155 Mo. App. 498.

*Sebree, Conrad & Wendorff* for defendants in error.

(1) The bill of exceptions was not filed for over two years after the term at which the motion for new trial was overruled had elapsed, and no leave was ever granted extending the time for filing such bill of exceptions; consequently, the case must be decided upon the record proper. Sec. 2029, R. S. 1909; Laws 1911, p. 139. (2) The attempt of plaintiffs in error to disorganize the School District of Dallas and cut off the eastern portion and form thereof a common school district was without authority of law and void, and the judgment of the lower court ousting plaintiffs in error was right and should be affirmed. State ex rel. v. Fry, 186 Mo. 198; School District v. McFarland, 154 Mo. App. 411; State ex rel. v. Fisher, 119 Mo. 351; Ex parte Snyder, 64 Mo. 61; State ex rel. v. Woodson, 128 Mo. 514; Heidelberg v. St. Francois Co., 100 Mo. 74; State ex rel. v. Stobie, 194 Mo. 57; Capen v. Garrison, 193 Mo. 348; Williamson v. Brown, 195 Mo. 328.

WILLIAMS, J.—This is a proceeding by *quo warranto* instituted in the circuit court of Jackson County, by the then prosecuting attorney of said county, at the relation of the directors of the School District of Dallas,

situated in said county, against the therein named defendants, whereby it is sought to oust the defendants from acting as school directors over territory which it is claimed by relators is embraced within the School District of Dallas. The circuit court entered judgment in favor of the relators and issued a writ of ouster against the defendants. Thereafter and in due time the defendants brought the suit to this court by writ of error.

The facts necessary to a determination of the issues involved may be stated substantially as follows.

The School District of Dallas is what is known as a town or village school district and was so organized in 1903 and the legality of said organization was affirmed by this court in the case of State ex rel. v. Gill, 190 Mo. 79. The relators now comprise the board of directors of said school district as originally organized, unless it should be determined in this proceeding that the original School District of Dallas had, prior to the institution of this suit, been divided into two school districts.

In the spring of 1912 a portion of the inhabitants of said school district, proceeding under and by virtue of section 10837, Revised Statutes 1909, undertook to divide the School District of Dallas into two separate districts. It appears that all of the matters required by said section were complied with and that the School District of Dallas was divided into two districts if there was legal authority so to do. The defendants, plaintiffs in error, are the directors of the new district attempted to be carved out of the old district. It is the contention of the relators, defendants in error, that there is no provision of law for dividing a town, city or consolidated school district into two districts and that, therefore, the whole proceeding was void and that the defendants were without authority to act as school directors of any portion of said territory. The contention of the defendants, plaintiffs in error, is that under Section 10881, Revised Statutes 1909, authority is to be found for the division which was made.

I. Before proceeding with the merits of the appeal there is one preliminary question that must be deter-

mined. Defendants in error contend that the bill of exceptions was not filed within time and that, therefore, our review must be limited to the record proper.

, The facts underlying this point are as follows: The exceptions, which comprise the bill of exceptions, were taken at the May term, 1912, of said circuit court, which, of course, was after the Act of 1911 (Laws 1911, pp. 139-140), relating to filing of bills of exception, became operative. During the said term of court the trial court did not make or enter of record an order granting leave to file the bill of exceptions thereafter. At the November term, 1914, plaintiffs in error presented their bill of exceptions and the trial court by order entered of record duly allowed the same and ordered the same to be filed and made a part of the record in the case. This, in point of time, was prior to the time the parties were required, under our rules, to serve their abstract of record.

Defendants in error, however, insist that since the court, during the term at which the exceptions were taken, did not make an order granting leave to thereafter file the bill of exceptions, the same was, therefore, filed without authority. We are unable to agree with this contention. We are of the opinion that the bill of exceptions was duly allowed and filed within proper time, as authorized by the Act of 1911, supra.

That said act contains much surplusage becomes apparent at a mere glance. It should be noted that all through the act the conjunction "or" is used and the permissive term "may be filed" is employed and not the imperative "shall be filed." If a law *should be* passed by the Legislature saying that an act "may be done within five, ten, twenty or thirty days" from a given time, could it be properly said that the act had to be done within five days? Would not the proper construction be that the act could be done at any time within thirty days and that the other portions of the law likewise giving permission to do the act in a shorter period were surplusage. That is very much the situation

*Bill of Exceptions.*

with the Act of 1911. It provides that bills of exception "may be filed:"

(1) 'during the term of the court at which it is taken, or within such time thereafter as the court may by order entered of record allow, which time may be extended by the court or judge in vacation for good cause shown;

(2) or within the time the parties to the suit or their attorneys of record may in writing agree upon;

(3) (or) at any time before the appellant shall be required by the rules of the appellate courts to serve his abstract of record; *provided,* that if for any reason the bill of exceptions cannot be filed within that time then upon proper certificate from the circuit judge to the appellate court the appellate court shall continue or re-set the case a sufficient time to allow the bill of exceptions to be filed and that the bill of exceptions may then be filed at any time before the rules of the appellate court require the abstract to be served by reason of the re-setting.

The provisions (1) and (2) above were formerly contained in section 2029, Revised Statutes 1909. That section was expressly repealed by the Act of 1911 and by said Act re-enacted with the portion (3) above, together with some rather indefinite directions as to what action the appellate courts should take in affirming cases, and an emergency clause putting the act into effect forthwith. To undertake to elucidate the legislative intent to such degrees of refinement as would give life to every part of the act would appear to be an impossibility. Why the act is in its present form, only facts *dehors* the record could possibly explain.

In the case at bar the right to file a bill of exceptions occurred after the Act of 1911 went into effect and we, therefore, have not before us the situation involved in the case of Craig v. Railroad, 248 Mo. 270 (later followed in the cases of Bridge Company v. Corrigan, 251 Mo. 667, and Mitchell v. Sparlin, 255 Mo. 124), wherein it was held that the enlarged rights granted by the Act of 1911 did not apply to those cases arising prior thereto in which the

right to file a bill of exceptions had terminated before the act became operative.

In the case of State v. Rogers, 253 Mo. 399 (a case which arose after the Act of 1911 was passed), in construing this act it was held that a bill of exceptions filed after the time granted by the court had expired, was filed in time under the provisions of the Act of 1911, if it were filed before the appellant was required by the rules of the appellate court to serve his abstract of record. We are of the opinion that that case was correctly ruled.

If then a bill of exceptions can be said to be properly filed after the expiration of the time granted by the trial court, why could not the same bill of exceptions be so filed on the same date, although no extension of time had ever been granted? Under the Act of 1911 what peculiar force or virtue is added to the right to file a bill of exceptions by the act of the court in term time granting an extension of time that is not to be utilized? None whatever, we must admit, except in those cases arising prior to the passage of the Act of 1911 where such extension of time would be necessary under the holding of the Craig case, supra, to keep alive and carry forward the old right under Section 2029, Revised Statutes 1909, until it came within the operation of the Act of 1911.

We, therefore, hold that with reference to all cases *arising since the passage of the Act of 1911,* it is not a necessary prerequisite to the right to file a bill of exceptions, that the trial court should make an order during the term at which exceptions are taken granting leave to thereafter file the same.

II. The only question presented upon the merits of this appeal involves a construction of Section 10881, Revised Statutes 1909. Said section is as follows:

"All the provisions of section 10837, relating to the changes of boundary lines of common school districts, and all the provisions of sections 10839 and 10840, relating to the division of property between common school districts, shall apply to town, city and consolidated districts."

Plaintiffs in error contend that the above section authorizes the division of a *town, city* or *consolidated* school district into two new school districts, while defendants in error contend that it merely provides for changing the boundary lines of such school district, but does not provide for dividing the same into two new districts. After careful consideration of the statute, we have reached the conclusion that the above section does not provide a way for dividing a town, city or consolidated school district into two new districts. If Section 10881, supra, had provided that all the provisions of section 10837, Revised Statutes 1909, should apply to town, city and consolidated districts, then there could be no question but that provision had been made for so dividing such districts, because Section 10837, supra, expressly provides for dividing one common school district into two new districts. But instead of the Legislature saying that all the provisions of section 10837 should apply to town districts, it merely said that "all the provisions of section 10837 *relating to the changes of boundary lines* of common school districts" should apply. Referring then to Section 10837 we find that the only express provision therein for changing boundary lines is the provision for changing "the boundary lines of *two or more* districts." Other express provision is made for dividing one district into two new districts. It, we think, becomes at once apparent, that the provision for changing the boundary lines of *two or more* districts could not, by any process of construction, be held to provide a way for dividing *one* district into two new districts. Section 10881, in its present form, was enacted in 1909 (Laws 1909, p. 819, sec. 130). Prior to that time it had been expressly held by this court that the law providing for division of common school districts did not apply to village school districts. [State ex rel. v. Fry, 186 Mo. 198.] Such being the case the Legislature, when it enacted Section 10881, knew that the provisions of Section 10837, relating to the division of one common school district into two new districts, would not apply to town or consolidated districts unless it so provided in the act, and knowing this to be true and failing

to so provide it would be but to do violence to the plain language used to hold that it. expressed an intention to apply provisions other than those expressly mentioned. To so hold would be to violate the well known canon of statutory construction, viz.: That the expression of one thing is the exclusion of another.

Upon a reading of the revised school act passed in 1909 (Laws 1909, p. 770 et seq.), it would appear that there was a very good reason why the Legislature did not provide that the provision for dividing a common school district into two new districts should also apply to town, city or consolidated districts. Section 119 of said act (now Sec. 10870, R. S. 1909), provides that town, city or consolidated school districts *may* disorganize, upon certain proceedings had as therein specified, only when authorized by a vote of *two-thirds* of the resident voters and taxpayers of said district, and then provides that the territory thereof, after disorganization, may be organized into a common school district.

It, therefore, becomes apparent that should we construe Section 10881 as plaintiffs in error contend, it would virtually render nugatory the provisions of Section 10870, supra, and would, in effect, provide that the district could be disorganized without the vote of two-thirds of the voters and taxpayers. Of course, if a town, city or consolidated district should by a two-thirds vote disorganize the territory thereof could, under the provisions of Section 10870 be organized into a common school district and this common school district in turn, under the provisions of Section 10837, be divided into two new districts. Plaintiffs in error, however, did not undertake to proceed by that route, but have undertaken to accomplish the same result by the decision of a board of arbitration acting by appointment of the county superintendent of public schools, as provided by Section 10837, supra. We are of the opinion that the provisions of Section 10837, under which plaintiffs in error acted, have no application to town, city or consolidated school districts.

Plaintiffs in error, however, contend that the construction which we have given Section 10881 renders useless that portion of said section which provides that "all the provisions of Sections 10839 and 10840 relating to the division of property between common school districts shall apply to town, city and consolidated districts," because, as they contend, said Sections 10839 and 10840 apply only when new districts are created, and if it is held that a town, city or consolidated district cannot be divided into new districts then said sections could never apply and the "fundamental rule of statutory interpretation, that, if possible, some meaning must be given every word in an act," is thereby violated. Defendants in error contend that this result would not follow and that Sections 10839 and 10840 do not apply exclusively to the situation arising from the formation of a new district. We will not here undertake to construe Sections 10839 and 10840. To do so would amount to nothing more than an *obiter dictum* in this case, for the reason that, even though the view of plaintiffs in error be correct that under our above construction the provisions of Sections 10839 and 10840 could never apply to town, city or consolidated districts, yet our above construction does not violate the spirit of the above rule of construction mentioned by plaintiffs in error. The rule referred to says that *if possible* such construction should be given as will give meaning to every word. We do not consider it *possible* (within the meaning of the above rule), proper regard being had for all the rules of construction, that said Section 10881, when read in the light of its own clear and unequivocal terms and in the light that the Legislature at the same time provided another method for disorganizing town, city or consolidated districts, can be properly construed differently from the construction which we have given it.

It therefore follows that the plaintiffs in error were without authority to exercise the functions of school directors over any portion of the territory embraced within the original School District of Dallas and that the judg-

ment of ouster rendered against them was properly so entered.

The judgment is affirmed. All concur.

PER CURIAM:—The foregoing opinion of WIL-LIAMS, J., in Division Two is hereby adopted by the court in Banc. All concur.