STATE OF MISSOURI, at the Relation of ERNEST M. ROSEVEAR and EARLE C. PERRY, Relators, v. HONORABLE MOSES HARTMANN, Judge of the Circuit Court of the city of St. Louis, Missouri.*

St. Louis Court of Appeals.    Opinion Filed December 8, 1925.

1. **WRIT OF ERROR: Appeals: Distinguished.** A writ of error is different from an appeal, and may be sued out any time within one year after judgment is rendered, and can be sued out only upon final judgments, whereas appeals may not only be taken from final judgments, but from special orders after final judgment and other special orders.

2. ———: **Bill of Exceptions: Time for Filing: No Order of Court: Statute: Construction.** Under section 1460, Revised Statutes 1919, a bill of exceptions may be presented, allowed and filed at any time prior to the time plaintiffs in error are required to serve their abstract and it is not a necessary prerequisite to the right

to file such bill of exceptions that the trial court should have made an order during the term at which exceptions are taken granting leave to file the same thereafter.

*Headnotes 1. Appeal and Error, 3 C. J., Sections 26, 352, 1032; 2. Appeal and Error, 4 C. J., Section 1915.

## Mandamus. Original Proceeding.

PEREMPTORY WRIT OF MANDAMUS ISSUED.

*John A. Nolan* and *Robert S. Harbison* for relators.

(1) Where writ of error is sued out within the statutory period it becomes the duty of the judge before whom the cause sought to be reviewed on the writ was tried to allow, sign and order filed and made a part of the record the bill of exceptions in the cause, if correct and if presented for allowance at any time before the plaintiff in error is required, by the rules of the appellate court, to serve his abstract of the record. Secs. 1460, 1466, 1512, R. S. 1919; Forsythe v. Shryock-Thom. Gro. Co., 223 S. W. 39; State ex rel. Hendricks v. Sweaney, 270 Mo. 685, 195 S. W. 714. (a) A proceeding to review the action of a trial court by writ of error is a cause "pending on appeal." Dorris Motor Co. v. Colburn, 270 S. W. 339; Nebraska L. & F. Co. v. Lincoln, 53 Neb. 246; Dow v. Casey, 194 Mass. 48; City of Rockford v. Compton, 115 Ill. App. 406.

*W. K. Koerner* for respondent.

NIPPER, J.—This is a proceeding in mandamus to compel the respondent, as judge of the circuit court of the city of St. Louis, to sign and allow a bill of exceptions in a case tried in the circuit court at the October term, 1924. The motion for new trial was overruled during the December term following, and no appeal was taken. After the term of court had expired, and in April, 1925, relators sued out of this court a writ of error, returnable

to the October term, 1925, commanding the circuit court to transmit the record of the proceedings as plaintiffs in error might direct to this court. During the month of July, 1925, relators presented to the respondent the bill of exceptions in the aforesaid case, and later respondent refused to sign, allow, and order the same to be made a part of the record, whereupon this action was brought. Respondent waived issuance and service of the alternative writ, and stipulated that relator's petition may be treated as such writ. Return was duly made by respondent, and relators filed their motion for judgment on the pleadings.

The issues involved in this case are confined particularly to the construction of section 1460, Revised Statutes 1919, which prescribes the time within which bills of exceptions may be filed. It is the contention of respondent that the proviso in the above-mentioned section has no application to writs of error, and makes no provision for the filing of a bill of exceptions in a case pending in an appellate court on a writ of error, but that its provisions are confined solely to cases "pending on appeal." Section 1460, Revised Statutes 1919, so far as it affects this case, reads as follows:

"Sec. 1460. Exceptions to be filed, when—continuance. Such exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may by an order entered of record allow, which may be extended by the court or judge in vacation for good cause shown, or within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys, may thereafter in writing agree upon, which said agreement shall be filed by the clerk in said suit and copied into the transcript of record when sent to the supreme court or court of appeals: *Provided,* in all cases now and hereafter pending on appeal in the Supreme Court and in any of the Courts of Appeals, the bills of exceptions therein may be allowed by the trial court, or the judge thereof in vacation, and filed in such court, or

with the clerk thereof in vacation, at any time before the appellant shall be required by the rules of such appellate courts respectively to serve his abstract of the record, and for the purpose of determining whether such bill of exceptions shall have been filed within such time such appellate court shall make reference to its docket:'' etc.

It is relator's contention that this provision extends to cases wherein writs of error have been sued out.

A writ of error, of course, is different from an appeal, and may be sued out any time within one year after judgment is rendered, and can be sued out only upon final judgments, whereas appeals may not only be taken from final judgments, but from special orders after final judgment and other special orders. Learned counsel for relators argue that, in order to arrive at the legislative intent, we must take into consideration the fact that appeals and writs of error are separately treated in all of the statutes passed prior to the amendment of 1911, and that the mention of one nowhere includes the other, and, therefore, this fact conclusively shows that the Legislature did not intend the words, ''pending on appeal,'' to include writs of error. Since the passage of the Act of 1911, the question of the proper time for filing a bill of exceptions was before our Supreme Court in a writ of error case—State ex inf. v. Sweaney, 270 Mo. 685, 195 S. W. 714. The court held that a bill presented, allowed, and filed prior to the time plaintiffs in error were required to serve their abstract, was timely filed. It is true that the direct point raised in this case was not there raised. The Supreme Court criticized the law in the form it was enacted on account of some rather indefinite directions contained in the act, and stated that it would be almost an impossibility to elucidate the legislative intent in such a way as to give life to every part of the act. The court did hold, however, that the bill of exceptions was timely filed, and that it was not a necessary prerequisite to the right to file such bill that the trial court should make an order during the term at which excep-

tions are taken granting leave to file the same thereafter. While this point may not have been directly presented, the question of the filing of a bill of exceptions in a writ of error case such as we have here was before the court, and the ultimate question we are called upon to decide, we think, was decided in that case.

It follows, therefore, that relators are entitled to the relief prayed for in their petition, and their motion for judgment on the pleadings is well taken. It is ordered that our peremptory writ of mandamus issue, compelling respondent, as circuit judge, to sign and allow the bill of exceptions as prayed for by relators. *Daues, P. J.,* and *Becker, J.,* concur.