**BERTINO et al. v. MARION STEAM SHOVEL CO.**

No. 7737.

District Court, W. D. Missouri, W. D. Jan. 4, 1935.

Defendant's petition for mandamus compelling district judge to settle such bill of exceptions granted in 76 F.(2d) 462.

Mosman, Rogers & Buzard, of Kansas City, Mo., for plaintiffs.

Scarritt, Jones & North, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion to strike the order allowing sixty days to file a bill of exceptions is predicated upon the proposition that the order allowing such time was not made within the term of court at which the judgment was rendered or within the period of any extension of said term.

The judgment was entered on March 8, 1934, it being the November, 1933, term of court. A motion for new trial was filed March 13, 1934. There was an argument upon said motion for a new trial and same was submitted on briefs of the parties March 26, 1934. The motion for a new trial was considered and overruled September 13, 1934.

On the next day the defendant against which the judgment had been recovered ordered a transcript of the record from the reporter. The latter fact does not appear from the records, but the statement was made by counsel and accepted as a fact. Moreover, counsel stated, and it is accepted as true, that the transcript of the evidence was not completed until near the middle of November, 1934. The judgment was entered in the Western Division of this court at Kansas City.

The terms of this court begin on the fourth Monday in April and the first Monday of November. It is the custom of the judges not to close the terms, but to keep the same open so that the terms expire only by operation of law. The April term, 1934, did not close, therefore, until November 3, 1934.

However, the case was tried in the November, 1933, term. That term did not expire until Saturday, April 21, 1934. It is to be observed, therefore, that the judgment became final in the November, 1933, term, save only that a motion for new trial preserved the jurisdiction of the court for certain purposes, and, moreover, extended the period within which the defendant would have a right to prosecute an appeal from an adverse ruling. For the term expiring on Saturday, April 21, 1934, no special order was obtained from the court preserving the right of the defendant to file its bill of exceptions. The motion for a new trial did not serve to extend such right nor to preserve the jurisdiction of the court for that purpose.

Relating to the subject of appeals, the judges of the court promulgated the following rule in the year 1930: "When an appeal is allowed, the appellant shall have forty days from the day of allowance of appeal to file his bill of exceptions."

It is the contention of counsel that this rule was effective in extending the term for the purpose of preserving jurisdiction to authorize a bill of exceptions. A bill of exceptions is the same in the federal court as at common law. Under the English practice, a writ of error called only for the record proper. It was predicated upon the theory of "an error apparent on the face of the record."

To the end that procedural matters including rulings on evidence might be made a part of the record proper, bills of exceptions were provided for and when approved, allowed, and ordered filed by the court, and thereafter filed, they became a part of the record of the case. There is no exception to the rule that rulings at a trial can only be considered when embodied in a general bill of exceptions, "presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court * * * and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being preserved by standing rule or special order * * * all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end." Exporters v. Butterworth-Jud-

son Company, 258 U. S. 365, 42 S. Ct. 331, 332, 66 L. Ed. 663.

To the same effect see, also, Witte v. Franklin Fire Insurance Company of Philadelphia (C. C. A.) 46 F.(2d) 894; Cudahy Packing Co. v. City of Omaha (C. C. A.) 24 F.(2d) 3; Parker v. United States (C. C. A.) 62 F.(2d) 1055; Goetzinger et al. v. Woodley (C. C. A.) 17 F.(2d) 83; United States v. Konstovich (C. C. A.) 17 F.(2d) 84; Harris v. United States (C. C. A.) 72 F.(2d) 982.

In this case two contentions are made by counsel:

(a) That the rule promulgated by the court in 1930, and as above set out, is adequate to extend the term for the purpose of preserving jurisdiction to order the filing of a bill of exceptions; and,

(b) That, even if otherwise, the rule is of such a confusing nature and verbiage as to create the "extraordinary" conditions contemplated by the court in the case of Exporters v. Butterworth-Judson Company, supra, originally enunciated in Michigan Ins. Bank v. Eldred, 143 U. S. 293, loc. cit. 298, 12 S. Ct. 450, 36 L. Ed. 162.

These will be considered in their order.

(a) The rule of the court under consideration was promulgated for the purpose of making the time for filing a bill of exceptions upon appeal coincide with the rule of the Court of Appeals in respect of the time for filing the transcript.

Such rule provides a forty-day period from the date the appeal is taken. The judges promulgated the rule for bills of exceptions so that the same time would apply to both. The reason for the rule arose from the fact that attorneys had complained that the court in giving (as an example) sixty days to file a bill of exceptions, the rule of the Court of Appeals was overlooked and violated. It appears that many times counsel were embarrassed because of this oversight. They believed, and so stated to the judges, that the special orders giving a longer time to file the bill of exceptions than allowed by the standing order of the Court of Appeals to file the transcript operated as a constant deception and resulted in failure to obtain extensions of time for filing transcript. Incidentally, the rule would operate to extend the term if an appeal should be taken near the end of the judgment term, otherwise it would not.

Interpreting the rule in accordance with the intention of the judges, it is obvious that it was not the purpose to extend the judgment term. Moreover, there is nothing in the verbiage of the rule to indicate such a purpose or to give it such effect.

The case before the court presents a rather extreme situation. The judgment was at the November, 1933, term. The motion for new trial postponed the time for appeal. The appeal was not taken until within the November, 1934, term. The April, 1934, term had come and gone. To hold that the rule operated to extend the November, 1933, term would create the anomalous situation of extending the term by and beyond the April, 1934, term. Moreover, the necessary effect of the rule, if given such a construction, would be to revive the jurisdiction of the court by an act of a litigant. The appeal of this case was taken on December 8, 1934, more than seven months after the expiry of the November, 1933, term, at which the case was tried. To make the rule effective in reviving (not extending) the term, it would mean that an act of a litigant could confer jurisdiction long after the authority of the judge had ceased. The rule is not susceptible of such a construction.

In the case of Harris v. United States (C. C. A.) 72 F.(2d) 982, 983, the court quite broadly announced the rule: "And the judge has no power to sign or allow a bill of exceptions after the expiration of the term at which the case is tried, or where the term is extended, after the expiration of such extended period."

(b) Whether the rule is so expressed as to confuse counsel and bring the case within the "extraordinary" exception should be considered.

The most important case on that question is that of Cudahy Packing Company v. City of Omaha (C. C. A.) 24 F.(2d) 3, 6. In that case the court reaffirmed the general rule that extensions of terms could only be had by standing rule or special order, or otherwise the bill of exceptions must be signed within the regular term. In that case there was no standing rule of court, hence the court said: "In the latter case bills of exception may be signed at any time before the trial court loses jurisdiction of the cause by expiration of the term, or such time thereafter as may have been duly prescribed."

The bill of exceptions in the Cudahy Packing Company Case was presented to the judge. The court itself undertook to provide the extension order, "and counsel for plaintiff in error cannot be held to be remiss in relying upon the action of the court. The order of extension was in fact filed, but through inadvertence was made to apply only to the filing of the transcript in this court. We think the circumstances disclosed come within the exception to the general rule, and that plaintiff in error should not be prejudiced, in the absence of fault on its part."

Somewhat similar conditions were present in all the other cases discussed by the court in the Cudahy Packing Company Case.

The only reasonable construction to be put upon our rule is that it would extend the time to file a bill of exceptions if the appeal had been taken within the term of the judgment. The court would have no authority to make the bill of exceptions part of the record save only during the judgment term or during the extension of that term by rule of court or special order. Such an extension must be made within the term and must be for a specific period. The reason for it was stated in Krauss Bros. Lumber Co. v. Mellon, 276 U. S. 386, loc. cit. 390, 48 S. Ct. 358, 359, 72 L. Ed. 620, the court said: "Strict requirements are thus insisted on so as to make certain that the reviewing court shall have before it an accurate account of the evidence or exhibits, which were before the trial court in the original hearing of the issues of the case, properly certified."

A standing rule might prolong the term, or a special order of the court might extend the term, but when the term has ended no rule of court could be promulgated which would revive the term and restore jurisdiction after it had been lost. Terms may be extended, but they can never be revived either by standing or special order.

The construction invoked by counsel in this case would mean that although the term normally expired April 21, 1934, yet, without an order extending that term and at a time seven months later, and after the intervention of still another term which had also run to expiry, the judgment term was revived for a fitful term of forty days. Terms are not renascent. They must run over a continuous period. A term cannot expire and then by some rule of court enjoy a brief revival and respite from oblivion only again to pass into the limbo of closed events.

No reasonable rule of court would extend a judgment term for a period so long as that involved in this case. It is fundamental that bills of exceptions must be filed within the judgment term or within extensions of the term, either by standing rule or special order. The motion for a new trial performs limited functions in the federal court and ordinarily is neither a part of, nor does it act as an aid to, the bill of exceptions.

The judges did not determine the expiry of the November, 1933, term. This was fixed by Congressional Act. Neither did the judges of the court provide a rule for extending the term, nor was that done by special order in the case at bar. The innocent rule discussed did not purport to extend the terms generally, though in a proper case it might have that effect. It could only help in this case by a new birth, a renascence or revival of jurisdiction. The law does not provide for such. If the November, 1933, term may appear resurgent under our rule, then it is comparable to Banquo's ghost, and to it we say: "Thou canst not say I did it; never shake thy gory locks at me."

Lest a question should be raised over the comments on the limited functions of a motion for a new trial, the court is not unmindful of the decision In re Bills of Exceptions (C. C. A.) 37 F.(2d) 849, loc. cit. 851, where the Sixth Circuit intimated haltingly and dubiously that a motion for a new trial, "with notice given would seem to be sufficient to carry over."

Moreover, several circuits, including the Eighth, have held uniformly: "That a bill of exceptions is presented in time, if it is presented for allowance at the term at which the motion for a new trial is determined, although that term is subsequent to the term at which the trial was had and the judgment entered, if the motion for a new trial was filed at the trial term, and the hearing of it was continued by the court to a subsequent term." O. J. Moore Grocer Co. v. Pacific Rice Mills (C. C. A.) 296 F. 828, 829, and cases therein cited.

See, also, Shallas v. United States (C. C. A.) 37 F.(2d) 692, 694, wherein the Ninth Circuit said: "The rule is well settled that, if a motion for a new trial or petition for rehearing is made or present-

358

ed in season and entertained by the court, the time limited for writ of error or appeal does not begin to run until the motion or petition is disposed of."

The motion for a new trial in the federal court and the bill of exceptions perform separate and distinct functions. Preble v. Bates et al. (C. C.) 37 F. 772. And the action of the court on a motion for a new trial is usually not reviewable. Mulhall v. Keenan, 18 Wall. 342, loc. cit. 350, 21 L. Ed. 808; Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085.

Even if the motion for a new trial was "sufficient to carry over" to the April, 1934, term, nevertheless it was overruled on September 13, 1934, and that term expired on November 3, 1934. The appeal was not taken till December 8, 1934. The judgment had become final, and the authority of the judges was at an end. The subsequent act wherein an additional period for filing the bill of exceptions was attempted to be given was coram non judice.

In view of the above, the court was without authority to sign or approve or even extend the time for filing the bill of exceptions.

Accordingly, the motion to vacate the order must be sustained.

It is so ordered.