## MARION STEAM SHOVEL CO. v. REEVES, District Judge.

### No. 390.

Circuit Court of Appeals, Eighth Circuit.

Feb. 25, 1935.

William C. Scarritt and Elliott H. Jones, both of Kansas City, Mo., for petitioner.

Clay C. Rogers and Mosman, Rogers, Bell & Buzard, all of Kansas City, Mo., for respondent.

Lathrop, Crane, Reynolds, Sawyer & Mersereau, Langworthy, Spencer & Terrell, Meservey, Michaels, Blackmar, Newkirk & Eager, Harding, Murphy & Tucker, Henry L. Jost, I. J. Ringolsky, William G. Boatright, and Harry L. Jacobs, all of Kansas City, Mo., amici curiæ.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The petition of Marion Steam Shovel Company filed with leave of this court is for a writ of mandamus to direct Honorable Albert L. Reeves, a district judge in the Western Division of the Western District of Missouri, to consider and settle a bill of exceptions in the case heretofore tried in that court entitled William Bertino et al.

v. Marion Steam Shovel Company, No. 7737, At Law. Judge Reeves has declined to consider a bill of exceptions proposed by petitioner, a corporation, defendant in the case, on the sole ground that the order to allow a bill was not applied for and the bill not presented for settlement and allowance within the time required by law. 10 F. Supp. 354.

The plaintiff in the case had verdict and judgment at the November, 1933, term of the court and for purposes of appeal the case was carried into the April, 1934, term by the pendency of motion for new trial filed by the defendant with leave during the November, 1933, term and held under advisement by the court until September 13, 1934, a court day of the April, 1934, term, when it was overruled. Shallas v. United States (C. C. A. 9) 37 F.(2d) 692, 693; U. S. Ship. B. E. F. Corp. v. Galveston Dry Dock & C. Co. (C. C. A. 5) 13 F.(2d) 607, 610; O. J. Moore Grocer Co. v. Pacific Rice Mills (C. C. A. 8) 296 F. 828, 829; Slip Scarf Co. v. Wm. Filene's Sons Co. (C. C. A. 1) 289 F. 641, 644; Camden Iron Works Co. v. Sater (C. C. A. 6) 223 F. 611, 613; Mahoning Valley R. Co. v. O'Hara (C. C. A. 6) 196 F. 945, 947; Kentucky Distilleries & Warehouse Co. v. Lillard (C. C. A. 6) 160 F. 34, 37; Tullis v. Lake Erie & W. R. Co. (C. C. A. 7) 105 F. 554, 557; Merchants' Insurance Co. v. Buckner (C. C. A. 6) 98 F. 222, 224; United States v. Carr (C. C. A. 8) 61 F. 802, 803; Missouri, K. & T. R. Co. v. Russell (C. C. A. 8) 60 F. 501, 503; Woods v. Lindvall (C. C. A. 8) 48 F. 73.

No bill of exceptions was presented by the defendant in the case during the April, 1934, term which expired on the third day of November, 1934, nor was any order asked for or obtained by it during that term extending the time to present such bill. On the eighth day of December, 1934, in the November, 1934, term, the court allowed the defendant an appeal and within forty days thereafter, on the tenth day of January, 1935, the proposed bill of exceptions was tendered for allowance. The plaintiff in the case objected to its being considered and, in response to the objection, a pleading was filed, verified under oath by Mr. Elliott H. Jones, the attorney for the defendant who had charge of the matter of perfecting appeal from the judgment. Mr. Jones deposed, among other things, that at the time judgment was entered in the case, and again when the motion for new trial was overruled, he examined the statutes and rules of the court in order to be sure that every essential step toward an effective appeal should be duly taken and that he was led to believe by his reading of paragraph four of the "Rule Relative to Appeals," adopted and promulgated by the judges on July 30, 1930, that it was not necessary for him to apply during the judgment term for any extension of time to prepare and present the bill of exceptions, but that the rule was a standing rule which operated to give him forty days from the day when his appeal should be allowed to file the bill of exceptions. The paragraph of the rule so claimed to have been relied on by Mr. Jones, reads:

"4. When an appeal is allowed the appellant shall have forty days from the day of allowance of appeal to file his bill of exceptions."

In a written opinion filed in the case, 10 F. Supp. 354, Judge Reeves makes it clear that the purpose and intention of the judges in adopting the paragraph of the rule was to bring the rules of the district court into conformity, as near as may be, to the rules promulgated shortly before by the Court of Appeals of the Circuit; the intention being to reduce, not to extend the time to perfect appeals. Judge Reeves says it was not the purpose "to extend the judgment term" and his conclusion was that "there is nothing in the verbiage of the rule to indicate such a purpose or to give it such effect." He concluded that he had no power or authority to consider allowance of the bill of exceptions.

On the hearing of this petition for mandamus scholarly briefs have been filed, with leave, by counsel who have made a study of the question of procedure in the matter of the allowance of bills of exceptions but are not interested in the particular case, as well as by the parties to the litigation, and we have been urged to qualify or recede from the holding that bills of exceptions must be presented for settlement at the term when judgment was entered and that to be availed of, extensions of time must be made during that term. American Nat. Red Cross v. Raven Honey Dew Mills (C. C. A. 8) 74 F.(2d) 160, filed Nov. 26, 1934; Davis v. United States (C. C. A. 10) 67 F.(2d) 737; Ritter v. Gulf, C. & S. F. R. Co. (C. C. A. 8) 56 F.(2d) 369; In re Bills of Exceptions (C. C. A. 6) 37 F.(2d) 849, 851; Great Northern Life Ins. Co. v. Dixon (C. C. A. 8) 22 F.(2d) 655, 657; Farmers' Union Grain Co.

v. Hallet & Carey Co. (C. C. A. 8) 21 F.(2d) 42; Denver Live Stock Comm. Co. v. Lee (C. C. A. 8) 18 F.(2d) 11; Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 258 U. S. 365, 368, 42 S. Ct. 331, 66 L. Ed. 663; O'Connell v. United States, 253 U. S. 142, 147, 40 S. Ct. 444, 64 L. Ed. 827; Jennings v. Phila., B. & Wash. R. Co., 218 U. S. 255, 31 S. Ct. 1, 54 L. Ed. 1031; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 36 L. Ed. 162.

We decline to depart from our long-settled ruling but recognize, as the court has always done, that under exceptional circumstances where a party has in good faith and with due diligence attempted to preserve the record for review upon bill of exceptions but has been prevented, without fault on his part, by some action or failure to act on the part of the court or its officers, the bill of exceptions may be made up and settled or the allowance thereof sustained notwithstanding the lapse of the term at which judgment was entered or motion for new trial overruled. Cudahy Packing Co. v. Omaha (C. C. A. 8) 24 F.(2d) 3, 7; In re Bills of Exceptions (C. C. A. 6) 37 F.(2d) 849, 851; Rostello v. United States (C. C. A. 6) 36 F.(2d) 899; Hume v. Bowie, 148 U. S. 245, 13 S. Ct. 582, 37 L. Ed. 438; In re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 S. Ct. 150, 32 L. Ed. 508; Davis v. Patrick, 122 U. S. 138, 143, 7 S. Ct. 1102, 30 L. Ed. 1090; United States v. Breitling, 20 How. 252, 254, 15 L. Ed. 900; Dalton v. Gunnison (C. C. A. 9) 165 F. 873, 874; Franklin County v. Furry (C. C. A. 7) 144 F. 663; Western Dredging & Improvement Co. v. Heldmaier (C. C. A. 7) 116 F. 179, 182; Susquehanna Coal Co. v. Casualty Co. of America (D. C.) 247 F. 137.

The real question here is whether the quoted rule of the court was fairly subject to the construction the attorney put upon it; that is, could he reasonably, and consistently with due diligence on his part, have taken it to be a standing rule of the court that any appellant should have forty days from the day of allowance of appeal to file his bill of exceptions, regardless of when the term came to an end? Although both of the judges who promulgated the rule held that such was not its true intent and meaning, the sworn statement of Mr. Elliott H. Jones and the briefs filed by other counsel considered together with the wording of the rule itself have persuaded that the wording of the rule could and did mislead the attorney into the belief that he would have forty days from the day of allowance of appeal to file the bill of exceptions.

In his argument Mr. Elliott H. Jones called attention to the amendment of the law of Missouri concerning the settling of bills of exceptions, not as in any way conditioning or affecting the federal court practice, but as a circumstance which had some bearing upon his understanding of the rule in question here. The amendment contained in section 1009, R. S. Mo. 1929 (Mo. St. Ann. § 1009, p. 1278), so changed the procedure in the state courts that it has not been necessary, since its adoption, for the court to make an order during the term at which exceptions are taken granting leave to file bill thereafter, it being sufficient to file it at any time before appellant shall be required by the rules of the appellate court to serve the abstract of the record. Smith v. Ohio Millers Mut. Fire Ins. Co., 320 Mo. 146, 147, 163, 6 S.W.(2d) 920; State v. Bennett (Mo. Sup.) 6 S.W.(2d) 881; State v. McCann, 329 Mo. 748, 47 S.W.(2d) 95; Edwards v. School Dist. No. 73, 221 Mo. App. 47, 297 S. W. 1001; Thompson v. Schultz, 222 Mo. App. 268, 296 S. W. 205; State ex rel. v. Hartmann, 218 Mo. App. 464, 278 S. W. 1045; State ex inf. v. Sweaney, 270 Mo. 685, 195 S. W. 714. Mr. Elliott H. Jones believed from the wording of the rule promulgated by the federal judges that it was their purpose to in like. manner obviate the necessity for them to make orders extending time for presenting bills of exceptions during the term at which the exceptions were taken. We think that he cannot justly be held to have been at fault in failing to obtain extension of time during the judgment term.

It is contended for respondent herein that this court is foreclosed from granting the writ here applied for by the decisions in Tingle v. United States (C. C. A.) 49 F.(2d) 1085, and H. M. Byllesby & Co. v. Otis (C. C. A.) 73 F.(2d) 1002. Examination of the record in the case of Tingle shows the judgment there appealed from was rendered at the November, 1929, term of the District Court for the Western Division of the Western District of Missouri and that the term ended on the 29th day of April, 1930, without any order concerning bill of exceptions having been made. The District Court rule we have

here considered was not promulgated until July 30, 1930, and although Tingle's bill of exceptions was stricken by this court, the action presents no precedent on the question here considered. In the case of Byllesby this court denied a writ of mandamus to require Judge Otis to consider and settle a bill of exceptions in the case of Welch v. Byllesby & Co., No. 8259, At Law, tried in the District Court for the Western Division of the Western District of Missouri at the November, 1933, term of the court. The record of the proceedings in this court on the petition for the writ shows that it included the District Court "Rule Relative to Appeals" above quoted, and also a memorandum opinion by Judge Otis reflecting his interpretation of the true intent and meaning of the rule. But this court delivered no written opinion in the case and it does not appear from the record that the particular question we find controlling here was presented to or considered by this court.

We are advised and take notice that since the proceedings involved herein were had Judge Reeves and Judge Otis have repealed paragraph 4 of their "Rule Relative to Appeals," and it is unlikely that the question whether the rule as it stood was misleading will arise again.

Being persuaded that the petition for the writ presents an exceptional instance and particular circumstances which justify and require consideration of the proposed bill of exceptions for allowance, we conclude that Judge Reeves should consider the same and settle and allow a proper bill of exceptions in the case.

Unless such action is had, the writ shall issue as prayed.