# PHILIP BROCKMANN v. UNITED RAILWAYS COMPANY, Appellant.

### Division Two, July 27, 1917.

1. **BILL OF EXCEPTIONS: Filed Without Leave.** In view of Laws
1917, p. 139, it is no longer necessary, as a condition precedent to
filing a proper bill of exceptions in vacation, to obtain leave for
such filing in term time.

2. **SPECIAL APPEAL: How Determined.** The special appeal authorized by Sec. 2043, R. S. 1909, must be determined upon the record existing when the appeal was allowed, and which shows the error or errors complained of and to be determined when the case is heard.

3. ———: ———: **Record Proper: No Bill of Exceptions.** The statute (Sec. 2043, R. S. 1909) provides that an appeal shall not be granted by a judge of the Supreme Court "unless it appear from an inspection of a copy of the record that error was committed by the trial court;" and if a copy of the evidence had not at that time been made a part of the record by a bill of exceptions approved and filed in the trial court, no error except errors in the record proper can be considered when the case is heard by the Supreme Court.

4. ———: ———: ———: ———: **Certified Transcript.** A mere certified transcript of the evidence, exhibited to the judge of the Supreme Court at the time the appeal is granted, does not constitute a part of the record of the trial court; and though such transcript is incorporated in a bill of exceptions filed and approved three years thereafter, the bill will not be considered by the Supreme Court, because it was no part of the record when the appeal was granted.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*Boyle & Priest* and *T. E. Francis* for appellant.

*Charles P. Johnson, Alexander Young* and *Charles E. Morrow* for respondent.

FARIS, J.—Plaintiff brought this action in the circuit court of the city of St. Louis for personal injuries, wherein he placed his damages at $25,000. Upon a trial he recovered from the defendant, who is the appellant here, the sum of $12,500. From this judgment defendant appeals.

On the view we are constrained to take of this case any extended statement of the facts will be wholly unnecessary. Briefly the facts are that on a certain August night about 12 o'clock, plaintiff in an automobile with six others, including the chauffeur. of plaintiff, who was

driving the automobile, were proceeding north on 20th Street in the city of St. Louis. Approaching Olive Street, where defendant maintains one of its double-tracked lines of street railway, plaintiff, who was standing upon the running-board of his automobile, looked to the east and saw at a distance of some one hundred and fifty feet an approaching Olive Street car going west. The automobile of plaintiff had been running some eight or ten miles an hour, but had slowed down and as it approached the street railway track was going only about three miles an hour. After seeing the street car at the distance from him as stated above, plaintiff turned to the chauffeur to observe what the latter was going to do. Then again he instantly turned to look at the approaching car and discovered for the first time that it was running between thirty and forty miles an hour and was almost on the automobile. The chauffeur also apparently observing this, threw in the clutch (which he had theretofore thrown out, thus cutting off the power), and attempted to swerve the automobile towards the west and by running parallel with the street car escape a collision. He was unable to do this, however, before the street car struck the automobile, crushed in the side and front seat thereof, and pinioning the legs of the plaintiff between the front end of the street car and the side of the automobile, badly crushed and broke them, thereby so seriously injuring plaintiff that he was confined to the hospital under treatment for some five or six months, and was without question, most seriously and permanently hurt.

Since, however, the facts in the case are not, in the view we are compelled to take of it, material to an understanding of the points up for discussion, we will content us with this brief statement of the salient facts in evidence. Other questions of fact upon which our views turn will be found set forth fully in the discussion of the case.

No errors are urged which are bottomed upon the record proper. Those alleged errors which are called to

our attention by appellant and strenuously urged are to
be found only in that part of the record now
before us, which is contained in the bill of exceptions
and which became a part of the record only when the bill of exceptions was signed and filed
in the cause. Respondent, however, contends that the
bill of exceptions was not only untimely filed, but since
the trial court never in term time (or at the term at
which the motion for a new trial was overruled) made
any order permitting this bill to be filed in vacation, the
filing of it in vacation was wholly unwarranted. In
short, respondent says we may not under the law consider this bill of exceptions at all.

*Bill of Exceptions.*

We lately held in an opinion by WILLIAMS, J., which
went to Banc and was therein adopted as the opinion of
this court (State ex inf. v. Sweaney, 270 Mo. 685), that
pursuant to the amendment of 1911 (Laws 1911, p. 139),
it is no longer necessary as a condition precedent to the
filing of a proper bill of exceptions in vacation, to obtain
leave for such filing in term time; that, since the greater
includes the lesser, the statutory privilege of filing (*caeteris paribus*) a bill of exceptions at any time before the
case is required to be abstracted and briefed here, *ex vi
termini*, renders wholly unnecessary the making of an order by the trial court that such bill may be filed in vacation.

However, the general point urged by respondent
that we may not under the law consider the bill of exceptions because it was untimely filed is, we think, good
for another reason and must be sustained. This point is
that when this appeal was granted, there was so
far as we are now advised, no apparent error
shown, unless such error was shown by the record proper, which record and no more was before the
learned judge who granted this appeal upon an inspection
thereof.

*Special Appeal.*

The brief chronology of the case makes this point
clear: The case was tried on February 19, 1913, at the
February term of the circuit court for the city of St.
Louis. Within the requisite four-day period thereafter

the motion for a new trial was filed. This motion was continued till the April term, 1913, in which and on April 7, 1913, it was overruled. No order was made giving time in vacation to file a bill of exceptions. In fact no appeal was taken in the trial court; but on the 14th day of June, 1913, during the April term, 1913, of this court, an appeal herein was granted by our colleague Judge BOND upon an inspection of (so reads the record before us) *"a certified transcript of the evidence adduced at the trial and also the original files and proceedings in the case"* (italics ours) upon authority conferred by the provisions of Section 2043, Revised Statutes 1909. The bill of exceptions, however, was not filed till July 27, 1916, *more than three years after the appeal was granted,* so neither such bill nor any of its contents were then matters of record.

This condition of the record regarded, we are not warranted in considering that part of the record formerly embraced in the bill of exceptions. The reasons for this view are manifest. The statute pursuant to which this appeal was granted, provides, among other things not pertinent, as follows:

"Any judge of the Supreme Court or either of the courts of appeals, respectively, in cases appealable to said courts, upon inspection of a copy of the record, may grant an appeal by special order for that purpose at any time within one year next after the rendition of the final judgment or decision in the cause. But no such order shall be granted by such court or judge unless it appear from an inspection of a copy of the record that error was committed by the trial court against the party applying for the order, and materially affecting the merits of the action." [Sec. 2043, R. S. 1909.]

Since the statute means and in plain terms says that such special appeal shall not be granted "unless it appear from an inspection of a copy of the record that error was committed by the trial court," we assume that apparent error did appear on the record proper. If this was so, that error should have been shown by the abstract before us and called to our attention by the briefs

here.   [Sec. 2048, R. S. 1909; Rules Nos. 13 and 15.] We know it could not have been shown by that part of the record formerly contained in the bill of exceptions, for no such bill was in existence till more   than   three years after the appeal was granted, and therefore that bill of exceptions could not have been any part of the record exhibited.

The above section means: (a) that the special appeal therein provided for shall be granted upon an inspection of so much of the record as shows the apparent errors to be urged upon the briefs and argument here; (b) that unless error materially affecting the merits appear *from such exhibited record,* the appeal will not be granted, and (c) therefore that such special appeal will not be granted upon one part of the record and the cause heard formally in the appellate forum upon another part. The statute designates the appeal as being one grantable by special order, i. e., it is a special or emergency appeal, and so it is no hardship if in its requisite steps it should follow a procedure *sui generis.*  It contemplates, we repeat, as in terms it says, the exhibition to the judge of the appellate court of the identical record which is to be relied upon at the hearing;   not any other or different record.   To hold otherwise would be to render meaningless or to repeal by unwarranted judicial  construction the provision thereof that the record shall be exhibited to the inspection of the judge; as also that which limits such judge's action by providing that unless such record so exhibited to him contains apparent error materially affecting the merits of the action, no appeal shall be granted.   For if this special appeal must be  heard upon a part of the record not in existence when the appeal was granted, then by the same token it would follow that it must be granted either upon an inspection of a record which shows no error, or upon the inspection of an incomplete record, e. g., a mere copy of the judgment rendered *nisi.*  Neither is it to be allowed upon an inspection of a *mere certified transcript of the evidence,* if such transcript contain the errors relied on, for such a transcript is not a record, or any part thereof, and the

same may never become such record or any part thereof. The statutes providing for official stenographers confers no such solemn force or effect upon transcripts made by these officials and certified by them officially. Such appeal is to be granted upon an existing part of the record, which apparently shows the error, or errors *on which we will here determine the case.*

So we hold that the bill of exceptions herein filed under the circumstances and at the time stated cannot be considered by us, and therefore there is before us nothing but the record proper. Upon this record we find no error, and none is called to our attention by the appellant. It follows that the case must be affirmed. Let this be done. All concur.