IDA THOMPSON, DEFENDANT IN ERROR, v. JOHN A. SCHULTZ ET AL., PLAINTIFF IN ERROR.*

Kansas City Court of Appeals. June 6, 1927.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 1880, p. 269, n. 13; section 1913, p. 298, n. 63; section 1915, p. 299, n. 71; section 2647, p. 726, n. 17; section 2868, p. 898, n. 86; Contracts, 13CJ, section 153, p. 320, n. 29; section 227, p. 362, n. 39; section 248, p. 369, n. 24; Limitations of Actions, 37CJ, section 446, p. 1038, n. 54; Specific Performance, 36Cyc, p. 673, n. 39; p. 785, n. 17; Trial, 38Cyc, p. 1956, n. 28.

*Joseph J. Shy, Arch B. Davis* and *Davis & Ashby* for defendant in error.

*Andrew Field* and *O. J. Adams* for plaintiff in error.

ARNOLD, J.—This is a suit in equity instituted by plaintiff Ida Thompson against defendants Fred Weightman and John Schultz, executors, and Fred Weightman, administrator *pendente lite,* of the Estate of Charles Schultz, deceased, for the specific performance of an alleged oral contract. The action was originally instituted in the circuit court of Caldwell county but by agreement of parties the venue was changed to Livingston county and there tried.

The facts of record are that early in the year 1910, plaintiff and her husband, James A. Thompson, located at Braymer in Caldwell county, Missouri, and on the 2d day of April that year, borrowed from Charles Schultz the sum of $1750 to apply on the purchase price of forty acres of land in Carroll county, Missouri, giving a note therefor signed by said James A. Thompson and plaintiff, his wife. This note was secured by a deed of trust on said land and was inventoried as a part of the estate of Charles Schultz. At the time the inventory was taken the principal and interest of said note amounted to $3008.50.

Some thirteen months after the will of Charles Schultz was probated the suit herein was filed asking the cancellation and surrender of the note and deed of trust on the basis of a contract made with

the decedent. The first amended petition upon which the cause was tried alleges the *status* of the parties defendant and that the note and deed of trust were inventoried as part of the assets of decedent's estate, but that the same are not a part of said estate; that decedent's legatees and beneficiaries have no interest in them; alleges the execution by plaintiff and her husband of the note and deed of trust so claimed and listed as assets of the said estate. The petition states that one Lizzie Schultz Hughes was a sister of decedent; that she predeceased said Charles Schultz and left surviving her three minor children of tender years, to-wit, Carrie Hughes, John Hughes and Viola Hughes; that at the special instance and request of decedent, Charles Schultz, plaintiff took said minor children to her home and cared for them, clothed, supported and maintained them; that decedent promised and agreed to pay plaintiff for said care, clothing, support and maintenance; that, pursuant to said request, for a long time prior to January 11, 1915, plaintiff performed domestic service such as house-cleaning, scrubbing, washing, cooking, mending and other general housework for decedent, for which said Charles Schultz promised and agreed to pay plaintiff. That on or about said last-mentioned date said decedent, in consideration of said work and services performed by plaintiff for him and the said three minor children and in settlement and payment therefor, contracted and agreed with plaintiff for the additional consideration that plaintiff continue to do and perform such domestic services for decedent until his death whenever called upon so to do by him, and upon payment of the interest on said note at decedent's demand, that decedent would cancel and indorse said note and deed of trust and deliver same to plaintiff; and that the same would remain the property of plaintiff forever; that, in accordance with said agreement plaintiff entered upon and duly performed her part of said agreement and complied with all the terms and conditions thereof. That said Charles Schultz died suddenly and failed to cancel the said promissory note and deed of trust and deliver same to plaintiff, and that these instruments are now in the hands of defendants, and, although demand has been made, defendants and each of them have failed and refused to deliver same to plaintiff, and that plaintiff has no adequate remedy under the law. The prayer is as follows:

"Wherefore plaintiff asks judgment that said contract be specifically performed and that said defendant, Fred Weightman, administrator of the estate of the said Charles Schultz, deceased, be required to surrender and deliver to plaintiff said promissory note and deed of trust securing the same duly endorsed by him, the said executors of the estate of the said Charles Schultz, deceased, in accordance with the terms of said contract above set forth, and for such other orders and decrees as in equity may to the court seem proper."

Defendant's timely motion to require plaintiff to make her first amended petition more definite and certain was overruled.

Defendant Fred Weightman, administrator *pendente lite*, in his separate answer, makes general denial and for affirmative defense denies that said Charles Schultz made the contract alleged in the petition and says that even if decedent did make the alleged contract that the cause of action did not accrue within five years before this action was commenced and that it is therefore barred by the Statute of Limitations which is pleaded as a defense.

John A. Schultz and Fred Weightman, executors, by their separate answer, admit their appointment and qualification as executors; that on March 8, 1923, and a long time prior to the filing of this action, they filed their final settlement in said estate which, on said date, was approved by the probate court and said executors were discharged; and, having been thus discharged, they have no control over said estate or any of the assets thereof. Evidence was heard on the merits of the case and the following decree was entered by the chancellor:

"Now on this 13th day of February, 1926, this cause coming on for final hearing and determination (the court having heretofore taken said cause under advisement) the court finds the issue for plaintiff and against defendants and finds that the matters and things alleged and set forth in plaintiff's petition are true and finds that on or about the 11th day of January, 1915, the plaintiff and Charles Schultz, deceased, made and entered into the contract set forth in plaintiff's petition and that plaintiff duly performed all the terms and conditions of said contract on her part to be performed and is entitled to have said contract specifically performed as prayed for in her petition.

"Therefore, it is ordered, adjudged and decreed by the court that said contract be specifically performed as required and prayed for in plaintiff's petition and that defendant Fred Weightman, administrator *pendente lite* of the estate of Charles Schultz, deceased, is required and ordered to surrender and deliver to plaintiff said promissory note and deed of trust securing the same, described in plaintiff's petition, duly endorsed by him as such administrator *pendente lite* of the estate of Charles Schultz, deceased, in accordance with the terms of said contract and judgment against Fred Weightman, administrator *pendente lite* of the estate of Charles Schultz, deceased, for costs and that a copy of said judgment be certified to the probate court of Caldwell county, Missouri, and filed and made of record in said court."

Motions for a new trial and in arrest of judgment were overruled. Defendants thereupon, on February 13, 1925, filed application and affidavit in appeal and were granted until the last day of the next term of the court in which to file their bill of exceptions, and the appeal was granted to this court. On April 21, 1926, the court granted

defendants until the first day of the next term to file their bill of exceptions, and on September 6, 1926, further time was allowed until the first day of the next term to file bill of exceptions, to-wit, January 3, 1927. No further extension of time was asked or granted. The cause was duly appealed to this court and was set for hearing on our docket for Monday, December 6, 1926. No bill of exceptions being filed prior to the last-named date, on motion of defendants, the appeal was dismissed for failure to comply with our rule 15, requiring the filing of abstract and brief. On December 9, 1926, defendants sued out a writ of error and the cause is here for our consideration under said writ. An abstract of the record was filed in this court on March 19, 1927, and copy thereof was served on counsel for plaintiff on March 16, 1927. The case was set for hearing and was argued in this court on April 6, 1927.

The first matter presented for our consideration is defendant's motion to strike the bill of exceptions from the record, because (1) it was not filed within the time allowed by the trial court, including extensions, and, in fact was not filed in the circuit court at any time before defendants were required by the rules of this court to serve same upon the respondent; that the same was not filed until February 26, 1927; and (2) because, upon defendant's application, the writ of error was issued by this court on December 9, 1926, at which time the bill of exceptions had not been filed and was not then a part of the record; but was filed on February 26, 1927, and therefore was filed out of time. Section 1460, Revised Statutes 1919 (Session Laws, Missouri 1911, pp. 139, 140 (controls in the situation here presented. The first proviso in the act is as follows:

"Provided, in all cases now and hereafter pending on appeal in the Supreme Court and in any of the Courts of Appeals, the bills of exceptions therein may be allowed by the trial court, or the judge thereof in vacation, and filed in such court, or with the clerk thereof in vacation, at any time before the appellant shall be required by the rules of such appellate courts respectively to serve his abstract of the record, and for the purpose of determining whether such bill of exceptions shall have been filed within such time such appellate court shall make reference to its docket.

"Hereafter no case now or hereafter pending in any appellate court shall be affirmed for failure to file a bill of exceptions within the time allowed by the trial court, but such case may be affirmed for failure to file a bill of exceptions within the time in this section provided, if error do not appear in the record of the case."

Our rule 15 provides: "In all cases the appellant or plaintiff in error shall file with the clerk of this court, on or before the day next preceding the day on which the cause is docketed for hearing, five copies of a printed abstract," etc.

The abstract herein having been filed on March 19, 1927, and the cause docketed for hearing on April 6, 1927, it is clear the requirements of our rule 15 have been met. As applying to the failure of defendants to file their bill of exceptions within the time allowed by the trial court by original order and extensions, we must hold there is no merit in defendants' contention. The Supreme Court in the case of State ex inf. v. Sweaney, 270 Mo. 685, 690, 195 S. W. 714, sets the question at rest in the following language: "In the case of State v. Rogers, 253 Mo. 399 (a case which arose after the Act of 1911 was passed), in construing this act held that a bill of exceptions filed after the time granted by the court had expired, was filed in time under the provisions of the Act of 1911, if it were filed before the appellant was required by the rules of the appellate court to serve his abstract of record. We are of the opinion that that case was correctly ruled." [See, also, Brockmann v. Rys. Co., 271 Mo. 696.] In the case at bar the right to file the bill of exceptions occurred long after the act of 1911 became effective, and we therefore hold that in the situation here presented it is not a necessary prerequisite to the right to file a bill of exceptions, that the trial court should make an order during the term at which exceptions are taken, granting leave to file the same thereafter. [State ex rel. v. Hartmann (Mo. App.), 278 S. W. 1045; State v. Rogers, 253 Mo. 399, 161 S. W. 770.] Under the provisions of section 1460, Revised Statutes 1919, above set out and the rulings in the cases just cited, we must hold that a bill of exceptions may be filed in this court after the expiration of the time granted by the trial court for filing same, if within the time specified in our rule 15.

Defendant seems to attach some importance to a stipulation contained in the certified record which it is claimed precludes plaintiff's right to file the bill of exceptions after the expiration of the time allowed by the trial court. We have examined the stipulation referred to and find it to embrace only the facts that the bill is "full, true and correct, and that the same may be allowed, approved and signed . . . filed with the clerk of said court and made and entered of record . . . ." We find nothing therein which refers to, or limits the time for filing the bill of exceptions. The motion to strike the bill of exceptions from the record is overruled.

Proceeding to a consideration of the case on its merits, it is proper to state that Charles Schultz was a bachelor and owned a large farm having tenants thereon occupying a tenant house on the land; that Schultz lived alone and did his own cooking, or, at least a part of it. The testimony in plaintiff's behalf is to the effect that for all the years mentioned in the petition she would go to Schultz's house, at his request, and perform needed housework such as cleaning and renovating the house, mending and washing his clothing, cooking at threshing and harvest times and at butchering time and canning fruit season. That from 1911 and prior to 1915, at the request of Schultz,

she had cared for the three children mentioned in the petition; that in 1915, there was an oral contract to the effect that if plaintiff would continue to perform the work she had been doing, he would cancel the note and deed of trust which he held against the land of plaintiff's husband. Defendants contend there never was any such contract.

Basing his conclusions upon the evidence adduced in the case, the chancellor found that "all the allegations in plaintiff's petition were true," and accordingly framed his decree.

The first point urged is that the decree reflects a blanket finding and is of such a general and sweeping character that in order to sustain it there must be an affirmative finding of all essential allegations, and that the court erred in so finding the facts. It is argued that an oral contract must be clear, explicit and definite, and that such contract must be proved as pleaded; that it cannot be established by conversations either too ancient or too loose or casual; that it must be fair and conscionable; the proof must be such as to leave no reasonable doubt in the mind of the chancellor that the contract, as pleaded, was made, in fact, and fully performed; that the acts constituting performance must be such as to be referable only to the contract, and not such as to be referable to some other or different contract; the contract must be based upon an equitable and legal consideration, so that its performance on the one hand, but not upon the other, would bespeak an unconscionable advantage and wrong, demanding in good conscience relief in equity; there must be shown a real contract to devise by will, or convey by deed, made before the acts of performance relied upon were had, and not a mere disposition to devise by will or convey by deed, by way of gift or as a reward for services.

There seems to be no disposition or attempt upon the part of plaintiff to refute these principles of law, but it is plaintiff's contention that they have been fully met as shown by the testimony presented. As is required of us we have examined the testimony presented and have reviewed the case *de novo*. There is substantial proof that on January 11, 1915, when plaintiff and her husband were at the home of decedent, that decedent said to plaintiff: "If you will come and continue to come and help me when I need you, when I have to have help, and help me in threshing, and cook for my threshing help; help me with my milk cows and do what work I can't do around the home when I need help, all you need to pay is the interest on that note and the note is yours."

And that plaintiff said in reply thereto: "Well, I will continue. I will help you, Charley, continue to help you and do as much as I have done before. I will go right on and help you for the note."

That decedent then said: "All right, Ida, that is a bargain. All I want is the interest on it."

This conversation was in the presence of Charles Collins who corroborates plaintiff in detail. Other witnesses testified that decedent

stated to them that he had contracted to pay plaintiff for her services by cancelling and surrendering to her the note in question.

As shown by the record this evidence was not refuted by defendants. That such unrefuted testimony sustains the allegation that there was a specific contract, as alleged in the petition, although not in writing, cannot be denied. There was substantial proof that plaintiff performed her part of the agreement; and, although defendants' testimony tends to minimize the value of such services, we are unable to reach any other conclusion than that reached by the learned chancellor as to the justness of her cause. We, therefore, must hold that the oral contract pleaded was proved by clear, definite, convincing testimony; and this being so, defendants' contention that the finding of the chancellor was erroneous in holding there was a consideration for the contract, is without merit. The petition pleads a specific contract and the proof supports the plea. A discussion of the point raised as to an implied contract is unnecessary here. The contract proved being explicit, there would seem to be no chance for a reasonable conclusion that decedent did not understand its obvious import. [Hyde v. Honiter, 175 Mo. App. 583; Wagner v. Electric Co., 177 Mo. 44; Dobbin v. Dobbin, 204 S. W. 918.]

Defendants urge there was error in the holding by the chancellor that the services performed by plaintiff prior to the date of the alleged oral contract constituted part of the consideration for agreement. The general rule in this respect is stated in 13 C. J., p. 362, section 227, and is to the effect that services already performed as well as those performed subsequently are a sufficient consideration. There is no merit in defendant's contention.

It is urged the chancellor erred in failing to make a finding of facts asked by defendants. Under the provisions of section 1402, Revised Statutes 1919, the chancellor is not required to make a finding of facts. [Fruin v. O'Malley, 241 Mo. 250, 145 S. W. 437.] It is also urged the chancellor erred in not holding, under the evidence, that plaintiff's action was barred by the Statute of Frauds and the Statute of Limitations. There is no merit in this contention. The contract as pleaded was capable of being performed within one year or at any time within its specified terms. [See v. See, 237 S. W. 795; Cruse v. Eslinger, 235 S. W. 496.] The contract pleaded is to the effect that plaintiff was to continue to do the work for decedent until his death and this event occurred on January 7, 1923, and the action herein was filed February 23, 1924. Therefore the Statute of Limitations does not apply.

Three of defendants' assignments of error, to-wit, 1, 2 and 5, go to the weight of the evidence. We try the case *de novo* here; and, while the conclusions of the chancellor are not binding on us, we defer largely to his findings unless, on reading the record (as we have done) we find such findings to be contrary to a just determination of the

questions involved. [McKinney v. Hawkins (Mo.), 215 S. W. 250; Williamson v. Frazee, 294 Mo. 320, 242 S. W. 958.] We fail to grasp any substantial reason for disturbing the conclusions of the chancellor. We conclude the evidence sustains the findings of the chancellor, and this being so, there is no error. [Daudt v. Steiert, 205 S. W. 222, 225.] We have carefully examined defendant's excellent brief and argument, together with the citations therein, but find therein no substantial reason for disturbing the decree of the chancellor entered herein.

The judgment is affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.