THE STATE, by AUBREY HAMMETT, Prosecuting
Attorney of Randolph County, ex rel. ARTHUR
ROBERTS et al., Appellants, v. CLAUDE STE-
PHENS et al.

Division One, June 16, 1922.

1. **CONSOLIDATED SCHOOL DISTRICT: Notices and Plats: Approv-
al: Pleading.** In *quo warranto* to oust the directors of a consoli-
dated school district on the ground that it was not organized in
the manner prescribed by law, an allegation in the answer that the
notices and plats were posted warrants a presumption of fact that
they conformed to the requirements of the statute, although there
is no allegation that they were approved and signed by the county
superintendent; and particularly so in the absence of a demurrer
or a motion to make more definite and certain.

2. ———: ———: **Validation: Proof.** Direct testimony that each
notice of the election for the formation of a consolidated school
district was duly signed is sufficient to support a finding of the
trial court that the notices were legally executed and validated.

3. ———: **Plats: Separately Signed: Reference to.** Where a plat was
posted in conjunction with each of the notices, and each notice,
duly signed by the county superintendent, referred to the plat
posted with it, and stated that a meeting would be held at a desig-
nated place and time "to organize a consolidated school district in
this community with boundaries laid out on the plat posted," the
district was not invalidated by the failure of the county superin-
tendent to sign the plats, separately. Under such circumstances
the notice and plat, in each instance posted together, should be
treated as one, and the signature to the notices as a signature to
both, the plat being by reference incorporated in the notice.

4. ———: **Remote Territory.** The duty to delimit the proposed con-
solidated school district is imposed upon the county superintend-
ent, and whether it is to be formed as proposed then becomes a
question to be determined by the voters, and under the statute
the courts are given no authority to rule that the incorporation
is invalid because some of the included territory is remote from
the proposed schoolhouse site.

5. ———: ———: **Notices: Proper Form: Those Posted.** Whether the
notices for an election to organize a proposed consolidated school

district were in proper form, and whether the documents offered in evidence were the notices posted by the county superintendent, are questions, in a *quo warranto* to invalidate the incorporation, for the determination of the trial court, the evidence being substantial and conflicting.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker*, Judge.

Affirmed.

*A. H. Waller* and *J. W. Wight* for appellants.

(1) Respondents' answer does not state facts sufficient to plead a legal defense to relators' information, in this, that said answer nowhere avers that the notice required to be posted by the Act of 1917 was approved and signed by the county superintendent, nor does said answer aver that the plat, likewise required by said act, was signed and approved by him. These are jurisdictional facts that must be pleaded; otherwise, said answer is insufficient and constitutes no legal return. Laws 1917, p. 510; R. S. 1919, sec. 11256. (2) The court erred in admitting in evidence, the notice and plat for the reasons (a) because said answer does not plead facts sufficient to show that said notices and plats were legally executed and validated as required by law; (b) because neither the one nor the other was legally executed or validated by said superintendent as required by law; and (c) because said plat was neither signed nor approved or authenticated in any manner by said superintendent, and was illegally posted, contrary to the express provisions of the statute forbidding the posting of such unsigned notice. Laws 1917, p. 510; R. S. 1919, sec. 11256; State ex rel. v. Curtright, 205 S. W. 248. (3) The court erred in finding and deciding that said alleged notices of said special school meeting were legally approved and signed by the superintendent, contrary to the evidence and the greater

weight of the evidence admitted on this issue. (4) The court erred in refusing to find the facts to be that said superintendent was guilty of official misconduct and gross abuse of his discretionary powers in attaching to and including within said district territory situate in other neighborhoods so remote that the children residing therein could not possibly attend the high school to be located in Cairo. State ex rel. v. Jones, 266, Mo. 197; State ex rel. v. Gordon, 261 Mo. 649.

*Hunter & Chamier* for respondents.

(1) No strict or technical construction is to be put upon the statute authorizing the organization of a consolidated school district. It is to be liberally construed, and no strict or technical compliance with it will be exacted. All doubts are to be resolved in favor of the district. State ex inf. v. Jones, 266 Mo. 201; State ex inf. v. Morgan, 268 Mo. 279; State ex rel. v. Glaves, 268 Mo. 100; State ex rel. v. Gordon, 231 Mo. 577; State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Stouffer, 197 S. W. 248; State ex rel. v. Job, 205 Mo. 1; Critten v. New, 212 S. W. 46; State ex rel. v. Long, 275 Mo. 169. (2) The common-law rule that pleadings must be strongly construed against the pleader has, by the codes, been either modified or abrogated, in favor of liberal construction. Sec. 1831, R. S. 1919. (3) Accordingly, in the construction of a pleading, for the purpose of determining its effect, its allegations are liberally construed, with a view to substantial justice between the parties; and especially in cases of this kind. State ex rel. v. Long, 275 Mo. 181; Thompson v. Livery, 214 Mo. 487; Ackerman v. Green, 195 Mo. 124; Lee v. Railway, 195 Mo. 400; Sidway v. Mo L. & Co., 163 Mo. 342; Baird v. Cit. Ry. Co., 146 Mo. 265; Vogelsang v. St. Louis, 139 Mo. 127. (4) The same rules apply in *quo warranto* proceedings of this character, as in any kind of civil suit. State ex rel. v. Job, 205 Mo. 25; State ex inf. v. Beechner, 160 Mo. 85. (5) The objection raised to the answer, as to unsigned and unapproved plats and

notices, is not well taken; it should have been made by motion to make more definite and certain. State ex rel. v. Long, 275 Mo. 183. (6) The presumption obtains that the plats and notices conformed to the requirements of the statute. State ex rel. v. Long, 275 Mo. 183. (7) The evidence shows that there was a sufficient signing and approval of the plats and notices, under the statute; and as no specific objection was made to such evidence on the ground of unsigned and unapproved plats and notices, and since the answer could have been amended to include specific allegations of such signing and approval, the appellate court will dispose of the case as though such amendment was made. State ex inf. v. Clardy, 267 Mo. 381; Darrier v. Darrier, 58 Mo. 233; Baker v. Railroad, 122 Mo. 547; State ex rel. v. McQuillen, 246 Mo. 594. (8) A *quo warranto* proceeding, such as this, is in the nature of an action at law, and findings of fact of the trial court, if supported by substantial evidence, are conclusive on appeal; therefore the finding of the trial court that sufficient plats and notices were posted, and that blank plats and notices were not posted, is binding on the appellate court. State ex rel. v. Wright, 270 Mo. 387; State ex inf. v. Hall, 228 S. W. 1055; State ex rel. v. Peoples Ice Co., 246 Mo. 200; State v. Alt, 26 Mo. App. 673. (9) On the objection raised to the action of the superintendent, in determining the boundaries of the proposed district, there are two reasons why the decision should go against relators: First, because that question is not subject to judicial review; and second, because there was substantial testimony to the effect that the county superintendent did his duty. State ex rel. v. Glaves, 268 Mo. 104; State ex rel. v. Wright, 270 Mo. 387; State ex rel. v. Schuster, 227 S. W. 60; State ex rel. v. Stouffer, 197 S. W. 248; State ex inf. v. Hall, 228 S. W. 1057; State ex rel. v. Ice Co., 246 Mo. 200; State v. Alt, 26 Mo. App. 673.

JAMES T. BLAIR, J.—This is a proceeding by information in the nature of a *quo warranto*, filed by the

Prosecuting Attorney of Randolph County, at the relation of resident voters, citizens and taxpayers of the territory involved, for the purpose of testing the validity of the organization of Consolidated School District Number Four in the county named. Respondents are the persons chosen as members of the Board of District No. Four.

The information is not assailed. It charges that the attempted formation of the district is invalid for several reasons; that the respondents and certain county officers are threatening to act upon the theory that the district is valid and that public money is about to be turned over to respondents and expended without authority, and that respondents are usurping authority they do not legally possess, and calls upon them to appear, answer and show "by what warrant or authority they claim to have, use and enjoy the rights, privileges, powers and offices aforesaid," etc. In due time respondents filed answer, in which they set up the facts upon which they base their claim to the offices they contend they legally hold. These include various steps upon which they rely to show that District Number Four was lawfully organized. No demurrer to the answer was filed, but relators filed a reply in which they specifically denied, in detail, the several averments of the answer.

The evidence is in conflict upon several of the issues in the case. No declarations of law were asked or given. Upon the evidence the trial court rendered judgment upholding the district, and this appeal followed. In view of the character of the questions presented, the evidence relevant to the questions raised may better be set out, so far as necessary, in connection with the discussion of the points urged by relators.

The errors assigned and briefed are: (1) the answer is insufficient in that it fails to aver that the county superintendent signed and approved (a) the notices or (b) the plats which the applicable statute requires to be posted; (2) that the court erred in admitting in evi-

dence the notices and plats, because (a) of the insuf-
ficiency of the answer mentioned under (1) supra, and
(b) because the notices and plats were not "legally
executed or validated by said superintendent," and (c)
because the notices and plats were not "signed, approved
or authenticated in any manner by said superintend-
ent;" (3) the court erred in finding, "contrary to the
evidence and the weight of the evidence," that the no-
tices were "legally approved and signed" by the county
superintendent; (4) the court erred in refusing to find
that the county "superintendent was guilty of official
misconduct and gross abuse of his discretionary power
in attaching to and including within said district ter-
ritory situate in other neighborhoods so remote that the
children residing therein could not possibly attend the
high school to be located at Cairo.

I. The argument in support of the first assignment
of error is, in substance, that the statute requires the
notices and plats to be "approved and signed" by the
superintendent, that there is no specific averment in the
answer that they were so "approved and
signed," and, therefore, there is a failure to
allege a jurisdictional fact. For the purposes
of this question let it be conceded the statute makes the
requirement relators contend it makes. The answer
averred that "the county superintendent did call a
special meeting of the qualified voters of the said pro-
posed consolidated district for consideration of the ques-
tion of consolidation, and did make such call by posting
within the proposed district ten notices in public places,
stating the place, time and purpose of such meeting, and
that at least fifteen days notice was given, and that said
meeting did occur and was so published to occur on the
20th day of May, 1920, in Cairo, Missouri, and did com-
mence at two o'clock p. m. on said day; that said county
superintendent did also post within said proposed dis-
trict five plats of the proposed consolidated district, at

*Notices and Plats.*

least fifteen days prior to said May 20, 1920," etc. This question was considered in State ex rel. v. Long, 275 Mo. 169. The language in the answer in that case (pp. 177, 178) is so nearly identical with that in this case, with respect to the question under consideration, that a strong suspicion arises that the decision was before respondents' counsel when this answer was drawn. In that case Court en Banc unanimously held that, in the absence of a denial of the fact, the allegation that notices were posted warranted a presumption of fact that the notices posted conformed to the requirements of the statute. If the language in the answer in that case warranted a conclusion of fact that the notices complied with the law, it did so because it constituted a sufficient pleading of that fact and was undenied. For if the fact was not pleaded, no failure to deny it could amount to an admission of it. It was, therefore, held to be a sufficient pleading of the posting of notices conforming to the statute. If it was sufficient in that case it is so in this. We hold that the averment, as made in this answer, that the notices and plats were posted is, at least in the absence of a demurrer or motion to make more definite and certain, a sufficient averment that notices and plats, as required, were posted. In fact, they would not have been notices and plats within the meaning of the applicable law unless they were made and authenticated in such manner as required by the statute. The question as to proper authentication is discussed in another paragraph.

II. (1) It is urged that the notices were not "legally executed or validated" as the law required. There was ample direct testimony that each notice was duly signed. In the circumstances the finding of the trial court on this question is conclusive. [State ex rel. v. Wright, 270 Mo. l. c. 387; State ex inf. v. Hall, 228 S. W. (Mo.) 1057.]

Notices: Execution.

(2) It is insisted that the failure of the county superintendent to sign the plats, separately, invalidates the district. It is argued that the statute required the

plats posted to be so signed. In conjunction with each of the notices, all of which the trial court found to have been duly signed, a plat was duly posted. Each notice referred to the plat posted with it. It stated that at the meeting to be held "the following things will be considered: First. To organize a consolidated school district in this community with boundaries as laid out on the plat posted." No plat was posted except with a duly signed notice and no notice was posted without a plat. Each notice had the proper signature. In the circumstances shown, the trial court was right in treating the notice and plat, in each instance posted together, as one and the signature as a signature to both. The plat was incorporated by reference into the notice, and the statutory purpose, in so far as concerns the question now made in this connection, was fairly accomplished. It, therefore, becomes unnecessary to discuss the contention that the proviso which requires the plats to be signed applies only to proposed districts which are to contain territory in more than one county.

*Separate Signing of Plats.*

III. It is insisted that some of the territory included in the district is remote from the place where the school house is to be erected and that this invalidates the incorporation. The duty to delimit the proposed district is imposed upon the county superintendent in the first place (State ex inf. v. Jones, 266 Mo. l. c. 197), and the question whether the district is to be formed as proposed is then one to be determined by the voters in the territory affected. Their conclusion is final, at least in circumstances like those in this case. The Legislature has not left this question to the courts, but to the voters of the district.

*Remote Territory.*

IV. Whether the notices were in proper form when posted and whether the documents put in evidence were in fact the notices which had been posted by the super-

intendent were submitted, on conflicting evidence, to the trial court. There was substantial evidence both pro and con. Under decisions already cited, the finding of the trial court is conclusive on the question.

The judgment is affirmed. *Graves* and *Elder, JJ.*, concur.