THE STATE EX INF. NORTH TODD GENTRY, Attorney-General, v. C. A. VICKERS ET AL.—8 S. W. (2d) 619.

Court en Banc, June 21, 1928.

384

*North T. Gentry,* Attorney-General, *Barney Reed* and *Irwin &amp; Bushman* for relators.

*A. W. Curry, L. C. Mayfield, Phil Donnelly* and *Schmook &amp; Sturgis* for respondents.

WALKER, C. J.—An information was filed by the Attorney-General in the nature of a writ of *quo warranto,* directed against the respondents exercising the offices of school directors of Consolidated District No. 4 of Laclede County, generally designated as the Wair Consolidated District. This is a companion case to that of State ex rel. Gentry v. Sullivan et al., *ante* page 362.

These cases involve the same issue, viz.: the validity of the consolidated school district named in each. They were instituted as original proceedings in the Supreme Court. A commissioner was appointed to take testimony and submit findings upon the law and the facts. The testimony was taken in both cases at the same time, with the agreement that the facts adduced could be used in either case so far as applicable. Aside from the designation of the consolidated districts the pleadings are the same. The commissioner, after reviewing the testimony, found in favor of the validity of the organization of the consolidated district in State ex rel. v. Sullivan, and against the validity of the consolidated district in State ex rel. v. Vickers, the instant case, and recommended writs of ouster, as indicated in said findings.

These distinguishing differences are evident from the facts in these cases. The proceedings for the organization in the Sullivan case were initiated under the provisions of Section 11259, Revised Statutes 1919, as amended, Laws 1921, page 654, by the required number of qualified voters of the community, on the 23rd day of May, 1925, filing with the County Superintendent of Public Schools of Camden County a petition for the formation of the Consolidated District No. 2, of Camden County. In the Vickers case a similar petition, under the same act, signed by the required number of voters of the community, was, on the 26th day of May, 1926, filed with the Superintendent of Public Schools of Laclede County. These proposed consolidated districts overlapped each other, certain common school districts in the one being also included in the other.

We have discussed the facts concerning the organization of the consolidated district in the Sullivan case and have held that the errors assigned are not such as to render the organization of the consolidated district in that case invalid and as a consequence that a writ of ouster should be awarded against the respondents therein. A review of the

facts in the Vickers, or the instant case, justifies the conclusion that a writ of ouster against the respondents should be awarded therein. Other contentions aside, this conclusion finds force in the fact that the petition by the voters to the County Superintendent of Schools of Camden County in the Sullivan case was filed long before a like petition was filed in the Vickers case with the County Superintendent of Schools of Laclede County. In attempting to form the consolidated district in the Vickers case common school districts theretofore designated in the consolidated district in the Sullivan case were included. This was unauthorized and was in effect an attempt to destroy the autonomy of the consolidated district already formed in Camden County. Under our ruling in State ex rel. Fry v. Lee, 284 S. W. 129, we held that the filing of a petition with a county superintendent of schools for the formation of a consolidated district gave the superintendent of the county wherein the petition was filed jurisdiction over the territory embraced in the proposed district, although a portion of it was situated in an adjoining county.

We cannot, without disregarding the ruling cited, hold otherwise than that the attempted consolidation of the district in Laclede County was unauthorized and that a writ of ouster should be awarded in the Vickers case. It is so ordered. *Ragland, White, Blair, Atwood* and *Gantt, JJ.,* concur.