STATE OF MISSOURI at the Relation of CONSOLIDATED DISTRICT No. 13, NEW MADRID COUNTY, Relator, v. FORREST SMITH, State Auditor. —86 S. W. (2d) 943.

Court en Banc, October 18, 1935.

*E. F. Sharp* for relator; *B. H. Charles* and *Carl Trauernicht* of counsel.

*Roy McKittrick,* Attorney General, *Covell R. Hewitt,* Assistant Attorney General, and *J. L. Graves* for respondent.

876

GANTT, J.—Original proceeding in mandamus. Relator, claiming to be a consolidated school district, seeks to compel the State Auditor to register its bonds. The auditor challenged the corporate existence of the district as a consolidated school district and refused registration. The facts follow:

On April 2, 1929, there existed a town school district designated as "School District of Gideon." On said day and at the annual school meeting in said district there was submitted to the voters the proposition to divide the district by detaching therefrom seventy-one sections of land. The proposition carried.

The detached sections of land were then organized as if a common school district with 736 children of school age. The remaining part of the town district had only 497 children of school age. On April 6, 1929, and on petition the county superintendent of schools visited the community, considered its "needs," and fixed the boundary lines of a proposed consolidated district to include the same land which, prior to April 2, 1929, constituted the town school district of Gideon.

In other words, the superintendent proposed that the original town school district of Gideon be made a consolidated school district. In due course and on April 23, 1929, at a school meeting held in said community, the proposition was submitted to the voters and carried. The duly certified copies of the minutes of the meeting were filed in the offices of the county clerk and the county superintendent of schools.

Thereafter the district functioned as if a consolidated school district. It has been recognized as such by the county clerk and the state and county superintendents of schools. For more than six years its existence as a consolidated district was not questioned.

Thus it appears that the town school district of Gideon with 1233 children of school age wanted to be a consolidated school district. However, the voters of said district were confronted with the Laws of 1925, page 330 (Sec. 9352, R. S. 1929), prohibiting the inclusion of a town district with five hundred children of school age within the territory of a consolidated school district. In this situation they attempted to lay the foundation for the organization of a consolidated district by dividing the town district as above stated. There is no law authorizing the division of a town district, and the attempt to detach the seventy-one sections of land did not divide the district. [State ex inf. v. Sweaney, 270 Mo. 685, 195 S. W. 714; State ex inf. v. McKown, 315 Mo. 1336, 290 S. W. 123; State ex rel. Buckley v. Thompson, 323 Mo. 248, 19 S. W. (2d) 714; State ex rel. Consolidated School District v. Thompson, 325 Mo. 1170, 30 S. W. (2d) 603; State ex rel. Consolidated School District v. Ingram, 2 S. W. (2d) 113.] It follows that the attempt to organize the town school district into a consolidated school district was contrary to law and void. [Laws 1925, p. 330.]

Even so, relator contends that the district was a *de facto* consolidated district. We do not think so. There is no law authorizing said town district to incorporate as a consolidated district. Absent such a law, said district would not be a *de facto* district. In other words, there cannot be a valid *de facto* corporation, if there cannot be such a *de jure* corporation. [1 Thompson on Corporations (3 Ed.), p. 301.] Furthermore, "a *de facto* corporation can never be recognized in violation of a positive law." [8 Fletcher Cyc. Corporations, p. 85.]

The alternative writ should be quashed. It is so ordered. All concur.