184

STATE OF MISSOURI, at the Information of J. E. TAYLOR, Attorney General, at the Relation of CHARLES ZELIFF ET AL., Respondents, v. F. C. WHITFORD, WALDO THOMSON, JAMES E. STEELE, HAL DAVIS, HERMAN JONES and R. L. CUNDALL, and PRETENDED CONSOLIDATED SCHOOL DISTRICT NUMBER 7 OF ATCHISON COUNTY, MISSOURI, Appellants, No. 42137—233 S. W. (2d) 694.

Court en Banc, November 13, 1950.

*John M. Gerlash* and *Richard L. Douglas* for appellants.

*Bernard W. Gorman* and *Gorman & Mitchell* for respondents.

186

[694] HYDE, C. J.—Quo warranto to determine the validity of the organization of a consolidated school district and to oust the individual defendants from the offices of school directors of the district. We have jurisdiction under Section 3, Article V of the Constitution, because this involves title to an office under this state. (State ex rel. Gentry v. Sullivan, 320 Mo. 362, 8 S. W. (2d) 616 and cases cited.) The Circuit Court found the proceedings invalid and entered a judgment of ouster against the directors of the district; and they have appealed.

The case was tried on agreed statement of facts, with some additional evidence as to administrative construction of the statutes involved. The proceedings for organizing the new district involved were under Sections 10493-10495, R. S. 1939, Mo. R. S. A. The question for decision is whether an existing consolidated district can

be taken into a new consolidated district without complying with Section 10487a, Mo. R. S. A., Laws 1945, p. 1649. (This section was first enacted in 1941, Laws 1941, p. 545.)

The new consolidated district involved contained the Fairfax town district with 148 children, ten common school districts, with from 9 to 29 children each, a total of 194; and two consolidated districts, No. 3 with 75 children and No. 5 with 66 children. [695] Most of the relators herein are residents of Consolidated District No. 3, including members of its school board; and they are joined by the directors of Common School Districts 59 and 60. Consolidated No. 3 is in the southwest part of the new district and Common 59 and 60 join it on the north. These three districts are farthest from Fairfax where the proposed new school was to be located, the closest boundary of No. 3 being almost six miles from it, and the other two districts being still farther away.

Sections 10493-10495 were part of the Act of 1913 (Laws 1913, p. 721), Section 1 (Sec. 10493) of which authorized the qualified voters of any community in Missouri to "organize a consolidated school district for the purpose of maintaining both elementary schools and high school." Section 2 of the 1913 Act (Sec. 10494) required such a consolidated district to contain at least 12 square miles or to have an enumeration of at least 200 children of school age and provided that it could not include any town or city district that had 200 children of school age. By amendment (Laws 1925, p. 330) the minimum area requirement was increased to 50 square miles and the size of a town or city school district that could not be included was raised to 500 children. Section 10495 commences as follows: "When the resident citizens of any community desire to form a consolidated district, a petition signed by at least twenty-five qualified voters of said community shall be filed with the county superintendent of public schools. On receipt of said petition, it shall be the duty of the county superintendent to visit said community and investigate the needs of the community and determine the exact boundaries of the proposed consolidated district." Section 10495 then provides the procedure to be followed by the county superintendent, which includes calling a special meeting of all the qualified voters of the proposed consolidated district to consider the question of consolidation. This meeting is to be at a time and place fixed by the superintendent.

Prior to 1913, consolidated districts had been authorized by the Act of 1901 (Laws 1901, p. 249) which provided for consolidation of three or more common school districts or of a village district, having less than 200 children of school age, with two or more adjoining districts; but required rather complicated procedure. This was Sec. 10487, R. S. 1939, before its amendment in 1941. Both the 1901 and the 1913 Acts followed the policy of fixing a maximum size for town

or city districts which could become a part of a consolidated district. Of course, there were no consolidated districts when the 1901 Act was adopted and the 1913 Act did not specifically authorize the inclusion of existing consolidated districts. However, the 1941 Act, now Section 10487a, commences as follows: "Adjacent city, town or consolidated school districts, without limitations as to size or enrollment, or one or more of the above mentioned districts and one or more adjacent common school districts may be organized into a consolidated school district for the purpose of maintaining elementary schools and high schools. Elections for the purpose of perfecting such consolidation shall be called by the county superintendent of schools of the county wherein said districts lie, or jointly by two or more county superintendents if said districts lie in more than one county, on receipt of a petition signed by at least fifteen qualified voters from each district to be included in the proposed consolidation."

It will be noted that 10487a does specifically authorize taking consolidated districts into new consolidated districts, as no other section ever has; and thus it seems reasonable to believe that the General Assembly thought it was necessary for that purpose. It also requires at least 15 petitioners from each district to be included (while under 10495 they could all live in one district) and it requires separate elections in each district. Also unlike 10495, it authorizes consolidation of whole² districts only. In State ex rel. Gentry v. Vickers, 320 Mo. 383, 8 S. W. (2d) 619, this Court in Banc held that, in organizing a new consolidated district under Section 10495 (then 11259, R. S. 1919), territory could not be included which was a part of another consolidated district. We said (8 S. W. (2d) l. c. 620): "In attempting to form the consolidated district in the Vickers Case common school districts ·[**696**] theretofore designated in the consolidated district in the Sullivan Case were included. This was unauthorized and was in effect an attempt to destroy the autonomy of the consolidated district already formed in Camden county." It would, of course, even more effectively destroy the autonomy of a consolidated district to incorporate all of it into a new consolidated district as herein proposed. A ruling, similar in effect, was made by the St. Louis Court of Appeals in State ex rel. Consolidated School District No. 2 of Pike County v. Ingram, 2 S. W. (2d) 113. There one consolidated district undertook to take in all of another consolidated district under the change of boundaries section (11201, R. S. 1919, now 10410 R. S. 1939) made applicable to consolidated districts by Sec. 11253, R. S. 1919 (now 10485, R. S. 1939.) The Court held that the provisions of Section 10410 for forming a new district to be composed of two or more entire districts applied only to common school districts and that such a merger could not be construed as a change of boundary lines. We likewise think that Section 10495

was intended only to apply to common school districts and town districts of the limited size specified.

Appellants rely on State ex rel. Consolidated School Dist. No. 5 of Macon Co. v. Smith, 353 Mo. 840, 184 S. W. (2d) 452. In that case a new consolidated district was formed under Sections 10493-10495 composed of a town district and eight common school districts. It was argued that these sections were not applicable but that the matter was governed by the 1941 Act, now Section 10487a. We held "it was not the legislative intent (in adopting the 1941 Act) to provide thereby an exclusive method of consolidation in instances such as at bar;" but that the procedure of either 10487a or 10495 could be used in such a case where only common school districts and a town district were involved. We further said: "There is nothing in said act, either directly or by implication, which denies the right of the County Superintendent, in fixing the boundaries of a proposed consolidated district, under the general act, to include only that territory comprising the whole of pre-existing districts." However, no consolidated district was involved in that case, and there seems to be no good reason why the County Superintendent, in fixing boundaries for a new consolidated district under Section 10495, must entirely disregard common school district boundaries, and always leave parts of such districts to be attached to other adjoining common school districts, if whole districts can properly be found to be part of the community for which the consolidated district is organized. However, under Section 10495, a County Superintendent is not limited to including whole districts (as under 10487a) and it could produce chaotic conditions if new consolidated districts should be permitted to take parts of established consolidated districts after large investments have been made in new school buildings. In view of our previous decision, in the Vickers case, that the autonomy of an established consolidated district could not be destroyed in forming a new consolidated district under Sections 10493-10495, we must hold that an existing consolidated district cannot be taken into a new consolidated district under authority of these sections, but that the only authority for doing so is the 1941 Act, now Section 10487a. We, therefore, hold that Consolidated School District No. 7 of Atchison County was not legally organized and that the judgment of ouster was proper.

The judgment is affirmed. All concur.