Ted DeBerg et al., appellants, v. County Board of Education of Butler County et al., appellees.

No. 49162.

(Reported in 82 N.W.2d 710 and 83 N.W.2d 734)

MAY 7, 1957.

SUPPLEMENTAL OPINION AND REHEARING DENIED

JUNE 7, 1957.

DeWolf, Goodman & Huisman, of Grundy Center, for appellants.

Zastrow, Noah & Smith and Jack Frye, all of Charles City, and James H. Graven, of Greene, for appellees.

PETERSON, J.—On February 7, 1956, a petition was filed with the County Superintendent of Schools of Butler County, Iowa, in accordance with section 275.11, Iowa Code 1954, requesting the establishment of a consolidated school district to be known as "The Community School District of Greene, Butler County, Iowa." The proposed boundaries of the territory to be included in the district were properly described. Almost all territory involved, which included the town of Greene, was in Butler County. A small portion of the territory was in Floyd

County and it became necessary to have joint action by the County Boards of Education of both counties. The proper statutory notices were given and meetings held to hear objections. The boundaries of the proposed district were duly approved. There were seven voting districts in the area involved. The proposal for consolidation carried in six districts and failed in one. The district in which it failed was known as Coldwater Township, located in Butler County. This township is in the center of the proposed consolidation area. Districts 1 and 4 are west of Coldwater Township, which is known as District 5, and Districts 2, 3, 6 and 7 are east of the township. This destroys contiguity of territory, there being a distance of four miles between the two areas. Even though the proposal did not carry in Coldwater Township the County Boards of Education of Butler and Floyd Counties met in joint session and by resolution held the establishment of the new Community School District carried, and included in the new district all territory involved in the area except Coldwater Township. The County Superintendent of Butler County purporting to act on his own behalf and on behalf of the County Board of Education of Butler County published a notice of election of directors in the proposed consolidated district, exclusive of Coldwater Township. This certiorari action was then started by the twenty-five plaintiffs who are citizens and residents of District 4. This is the noncontiguous section of the proposed new Community School District of Greene. They allege the formation of the district is illegal because all parts of the district are not contiguous, being separated by the four-mile area in Coldwater Township. On Order of Court and proper notice the case was tried. The trial court dismissed the petition, holding the six districts in the proposed consolidated school area could form themselves into the new Community School District. Plaintiffs have appealed.

There is another matter involved in this case which is somewhat novel. On July 2, 1956, two new petitions were filed in the office of the County Superintendent of Schools of Butler County. One petition was signed by ten or more legal voters of the six voting districts in the proposed school consolidation

area which had approved the proposal at the previous election. The other petition was signed by ten or more legal voters of the Coldwater Township school district. This was a proceeding commenced in accordance with the provisions of section 275.10, providing for merger of two districts. By concurrent action of the two Boards, August 10 was fixed as the time for holding the election. Notices were posted and published and at the election the proposal carried in both districts. The result of this procedure and action is that all seven districts originally involved in the proposal for establishment of the consolidated district to be known as "Greene Community School District" are now in the district. After this procedure was concluded, defendants filed on September 17, 1956, what they called an Amendment to the record in the certiorari case. With the Amendment they filed certificate of the County Superintendent of Schools of Butler County showing in detail the supplemental proceedings as above outlined. This Amendment requested that the trial court, in connection with settlement of the record as to appeal, include such supplemental proceedings. Plaintiffs filed motion to strike defendants' purported Amendment on several grounds, the principal ones being: "That the purported amendment is clearly directed to only extraneous and foreign matter to this appeal proceeding", and "That the purported amendment seeks to set forth for the first time materials of an affirmative defense on appeal, not properly within the proceedings or in any manner properly or timely raised upon the trial." The trial court sustained the motion on both grounds. However, even though not included in the record as settled by the trial court, defendants filed Supplemental Record showing the Amendment, Motion, Order of Court, and Certificate of the County Superintendent. The claim of defendants now is that in view of such supplemental procedure the case has become a moot controversy. They allege the original proposal as to consolidation has now been fully consummated by the new procedure and no question remains to be decided by this court.

We present a sketch of the proposed consolidated district. The districts originally filing petitions for consolidation are numbered 1 to 7. Coldwater Township, District 5, is the shaded area. The district is somewhat irregular, but in general it is

18 miles long at longest point, and 11½ miles wide at widest point.

I. Pertinent parts of section 275.10 and all of section 275.11, both Iowa Code 1954, the two sections involved in this action, are as follows:

"275.10 Proposals affecting two districts. Pursuant to county plan and upon the approval of the county board of education, the boards of directors of any two school districts which have a common boundary shall by concurrent action merge such districts * * * provided however, that a written request for such action is filed prior thereto by any ten legal voters residing in each of said districts * * * with their respective board of directors and the proposed boundary changes are approved by the legal voters in each of said districts * * *."

"275.11 Proposals involving three or more districts. Subject to the approval of the county board of education contiguous territory located in three or more school districts may be united into a single district in the manner provided in sections 275.12 to 275.23 hereof."

Sections 275.12 to 275.23 provide for filing of petitions signed by at least one third of the voters in each district, details as to hearings fixing boundaries, and procedure as to election, canvass of votes, and returns of election results.

When the election as to consolidation failed, one of three situations was present as to the six districts in question: (1) they were either a de jure corporation, or (2) a de facto corporation, or (3) no corporation.

We can quickly settle the first question. In accordance with our recent decision of State ex rel. Warrington v. Community School District of St. Ansgar, 247 Iowa 1167, 78 N.W.2d 86, they were not a de jure corporation.

Was there a de facto corporation on which they could build a legal consolidation? In the matter of business corporations we have defined a de facto corporation in First Title & Securities Co. v. United States Gypsum Co., 211 Iowa 1019, 1025, 233 N.W. 137, 140, 73 A. L. R. 1196, as follows: " 'A de facto corporation exists so that the legality of its subsistence cannot be attacked collaterally where: (1) There is a special act or general law under which such a corporation *may lawfully*

*live* [emphasis ours], (2) a bona fide attempt to organize under the law in colorable compliance with the statutory requirements, and (3) actual user or exercise of corporate powers in pursuance of such law, and attempted organization.'" Supported by many citations. Substantially the same definition appears in 13 Am. Jur., Corporations, section 49; and in 18 C. J. S., Corporations, section 99. As a general principle this definition is as effective in connection with school corporations as in the field of business.

We have not passed on the question directly as to school districts, but general law and decisions in other states support this position. 78 C. J. S., Schools and School Districts, section 52; Dean v. Board of Education, 247 Ky. 553, 57 S.W.2d 477; State ex rel. Consolidated Dist. No. 13 v. Smith, 337 Mo. 874, 86 S.W.2d 943. We quote from 78 C. J. S., page 759, Schools and School Districts, supra: "* * * where there is no law authorizing the creation of the district it cannot become a de facto district."

Referring to the elements of a de facto corporation as outlined in First Title & Securities Co. v. United States Gypsum Co. supra, the first qualification for such a corporation is decisive of the question that defendants did not have a de facto corporation. There is no special act nor general law in the State of Iowa by which the type of organization remaining could "lawfully live", after the consolidation election failed. There is no judicial sanction for the existence of such a de facto corporation; judicial pronouncement is directly to the contrary in the St. Ansgar case, supra.

In case of State ex rel. Consolidated Dist. No. 13 v. Smith, supra, there was an attempt to form a consolidated school district. The school district of town of Gideon contained 1233 children of school age in both the urban and rural areas of the town. On April 2, 1929, at the annual school meeting of the voters a proposition was carried to divide the district into a town district with 497 children of school age and a common school district in the rural area of 736 children of school age. Later in the month a special meeting of voters was called and on April 23, 1929, proposition was submitted and carried that the two districts, which had been previously divided three

weeks before, should be formed into a consolidated school district. The court held no legal consolidation was established stating as follows at page 877 of 337 Mo.: "Thus it appears that the town school district of Gideon with 1233 children of school age wanted to be a consolidated school district. However, the voters of said district were confronted with the Laws of 1925, p. 330 (section 9352, R. S. 1929 [Mo. St. Ann. §9352, p. 7197]) prohibiting the inclusion of a town district with 500 children of school age within the territory of a consolidated school district. In this situation they attempted to lay the foundation for the organization of a consolidated district by dividing the town district as above stated. There is no law authorizing the division of a town district, and the attempt to detach the 71 sections of land did not divide the district. [Five cases cited.] * * * It follows that the attempt to organize the town district into a consolidated school district was contrary to law and void. Laws of 1925, p. 330. * * * Even so, relator contends that the district was a de facto consolidated district. We do not think so. There is no law authorizing said town district to incorporate as a consolidated district. Absent such a law, said district would not be a de facto district. In other words, there cannot be a valid de facto corporation, if there cannot be such a de jure corporation. Thompson on Corporations (3d Ed.) vol. I, p. 301. Furthermore, 'a de facto corporation can never be recognized in violation of a positive law.' Fletcher Cyc. Corporations, vol. VIII, p. 85."

During the interim, while the question of legality was being settled, the remnants of a district left after the unsuccessful consolidation election could not be used as a lever to lift the district from illegality to legality. Defendants did not have a de facto corporation of such type that we can approve election of directors, legality and merging with adjacent districts.

The third situation above stated became effective. There was no corporation in existence on which a merger or a new consolidation could be erected. Since one entity in the merger proceeding was not legal, it could not properly form the basis of a statutory consolidated school district.

II. Appellees in truth and fact claim to have a consolidated

school district. It is a combination of seven previous districts, or parts of districts. Consolidated districts are fundamentally formed under section 275.11 et seq. If their claim should be approved the district was established by affirmative vote of six districts in May and one district in August. This procedure we cannot approve.

A somewhat similar situation arose in Oregon some years ago as reported in School District No. 1, Multnomah County v. School District No. 45, 148 Ore. 554, 37 P.2d 873. There is some difference in the consolidation statutes of the two states, but there is sufficient similarity between the Oregon situation and the questions involved herein to make the decision of value. District No. 1 and District No. 45 each filed a petition for consolidation with the District Boundary Board, signed by ten or more residents. At the election the proposal carried in District No. 1, but failed in District No. 45. A year later petitions were again filed by both districts with the Board for consolidation. The Board did not submit the question to a vote in District No. 1, depending on the vote which had been taken a year previously, but did submit the question in District No. 45 and the proposal carried. The District Boundary Board then proceeded to declare the consolidation complete. Action was started for declaratory judgment as to whether or not the early vote in District No. 1 could be joined with the later vote in District No. 45 and a legal consolidation established. The court held the corporation was illegal, using the following language (pages 573, 580 of 148 Ore., pages 880, 882 of 37 P.2d) :

"We think that the failure to submit the question of the proposed consolidation of the two districts affected in the case at bar to the voters of one of said districts was a jurisdictional defect, or, to state it differently, that the attempted consolidation was unauthorized without such submission to the voters of District No. 1. * * * In the case at bar, upon the second petition for consolidation, no opportunity whatever was afforded to any voter in District No. 1 to cast his ballot on the question of consolidation. There may be Republicans still voting for Abraham Lincoln and Democrats voting for Andrew Jackson, but this

1048

court being nonpartisan cannot. judicially note nor officially validate such voting. Once having favored consolidation, the voters of District No. 1 were not forever thereafter bound to maintain that attitude. They, their heirs and successors, were entitled to vote as early and as often thereupon as the voters of District No. 45."

█ The analogy is that consolidation was voted down in the original election in the case at bar. In a later election the residents of Coldwater Township voted for merger. The residents of the other six areas had voted for consolidation at the election held several months earlier. The vote of residents in the six areas at the merger election was of no significance because the areas were not a legal entity. It is jurisdictional that to form a legal consolidated school district under section 275.11 the voters of all entities involved must vote at the same consolidated school election.

III. The decree in this case dismissing plaintiffs' petition was filed on June 14, 1956. On July 26, 1956, we rendered and announced the decision in case of State ex rel. Warrington v. Community Sch. Dist. of St. Ansgar, supra. The principal question in the case was the identical question involved in this case. In the St. Ansgar case, after discussing the necessity of territory being contiguous in order to form a legal consolidated district under section 275.11, we said at page 1177 of 247 Iowa, page 92 of 78 N.W.2d: "The conclusion is unescapable that uniting territory into one contiguous body of land is basic in our present school reorganization legislation, that the language of the statute is mandatory and must be followed to establish a de jure school district."

We had previously decided in several cases that in order to form a valid school district, annexed, merged or consolidated, areas involved must be contiguous. Smith v. Blairsburg Independent Sch. Dist., 179 Iowa 500, 159 N.W. 1027; Zilske v. Albers, 238 Iowa 1050, 29 N.W.2d 189; State ex rel. Little v. Owens, 244 Iowa 1356, 60 N.W.2d 521; State ex rel. Cox v. Consolidated Independent School District of Readlyn, 246 Iowa 566, 68 N.W.2d 305. We announced the doctrine in a decision written by Judge Ladd more than forty years ago in case of

Smith v. Blairsburg Ind. Sch. Dist., supra, where we said at page 506 of 179 Iowa, page 1028 of 159 N.W.: "A petition such as the statute requires need not follow any set form. All essential is that the boundaries of the proposed district be indicated, and *that the territory therein be contiguous.*" (Emphasis ours.) We have consistently supported this doctrine throughout the intervening years and as recently as 1956 in State ex rel. Warrington v. St. Ansgar, supra.

Defendants used the six remaining areas of the proposed consolidated district as a basis for the creation of what they now call "The Community School District of Greene, Butler County, Iowa." They switched from the provisions of section 275.11, which pertain to the consolidation of three or more districts, to the provisions of 275.10, which pertain to the merger of two districts. Under section 275.10 there must be two legal districts involved in the process. This creates the difficulty involved in the present situation. In view of present-day conditions in the Greene School District we would prefer to approve the status quo. However, we cannot approve violation of clear and specific provisions of statute for the sake of expediency. If we approve the ingenious method adopted in this area, it could easily become the basis for establishing numerous consolidated districts in the state, all established by judicial pronouncement instead of legislative enactment.

IV. We have discussed the question of a *temporary* de facto corporation in connection with school or town corporations in three cases. In case of State ex rel. Cox v. Consolidated Ind. Sch. Dist. of Readlyn, supra, we considered the question incidentally. The proposed school consolidation had been declared illegal by the trial court in a quo warranto proceeding by reason of failure to properly publish notice. We affirmed the decision. The trial court provided at page 570 of 246 Iowa: "The decree provides further that since it is essential school facilities be maintained and since the school year commencing in the fall of 1953 is well advanced, the de facto corporation may continue to function 'until the end of the current year'." In affirming the decision we approved this provision, but it will be noted that it is carefully restricted to a short and temporary period of time. In the Per Curiam Supplement (page 1180 of 247 Iowa)

to opinion in State ex rel. Warrington v. St. Ansgar, supra, we provided that the school district function as a de facto corporation during the school year 1956-1957, but also carefully provided that the district court take proper steps to dissolve the de facto corporation at the end of the school year. We made a similar provision in State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa 627, 80 N.W.2d 489, 81 N.W.2d 452. These provisions can clearly be distinguished from any claim by defendants that they had a de facto corporation which could be used as one part of a program of merger.

Similar permission is in order in this case. In connection with remanding this case to the District Court of Butler County we provide that the court permit "The Community School District of Greene, Butler County, Iowa", to function as a de facto school corporation for the remainder of the school year of 1956-1957, or until with reasonable dispatch the necessary proceedings for consolidation can be taken in accordance with sections 275.11 to 275.25 inclusive. After the de jure corporation has been established in accordance with provisions of statute the court shall take proper steps to dissolve the de facto corporation as of the end of the school year, if possible, but in any event not later than September 1, 1957.

V. Appellees suggest that since the trial court held in effect they were a consolidated school district by dismissal of plaintiffs' petition on June 14, 1956, they were acting in a legal manner. The new proceedings for merger of the remaining districts in the proposed Greene consolidated school district with Coldwater Township were instituted and carried out in July 1956. The election to settle the question of the merger was fixed for August 10, 1956. On July 26, 1956, this court announced the decision in State ex rel. Warrington v. St. Ansgar, supra, which held illegal such a district as claimed by defendants. The alleged district at least became illegal and ineffective on July 26 when this court rendered its decision in the St. Ansgar case. After that date defendants had no statutory nor judicial basis on which to carry forward their proceedings for establishment of a district by indirection, which they had previously failed to establish by direct statutory provision.

■ If we approve a program by which, after an election failure, we say that a portion of a proposed consolidation district is a legal corporation of some type, we thwart the clear provisions of statute with reference to formation of consolidated school districts and destroy the clear intention of the legislature in connection with establishment of such districts. It is our function to interpret legislative enactments, but not to establish new legislative provisions by judicial procedure, nor to nullify the clear intention of such enactments. Smaha v. Simmons, 245 Iowa 163, 60 N.W.2d 100; 50 Am. Jur., Statutes, sections 534–540; State ex rel. Warrington v. St. Ansgar, supra; Yarn v. City of Des Moines, 243 Iowa 991, 54 N.W.2d 439.

VI. Apparently because of our decision in State v. St. Ansgar, supra, appellees present no argument in support of the existence of a corporation either de jure or de facto composed of the six districts in which the consolidation proposal carried. Their argument is directed to the proposition that the matter is now a moot question, because of the second election in which Coldwater Township approved merger. They urge the seven districts are now all contained in one district in the same manner as they would have been if at the first election all seven districts had voted in the affirmative. In view of our decision herein that no legal entity was established on which a merger could be based under section 275.10, it is not necessary to analyze and consider this proposition and the argument in connection therewith. Suffice to say that in view of the ruling of the trial court refusing to include all supplemental proceedings concerning the merger in the record, and in view of the meager citation support concerning the proposition as to this court taking judicial notice of supplementary proceedings, there is a serious question about the proposition in a case of this type. Cases may arise where it may become necessary and proper for this court to consider occurrences arising after the conclusion of the appeal record. For example, a case may be appealed concerning a judgment and afterward the judgment is paid. In such a case the question involved in the case does become a moot controversy, and by some proper record the fact of payment

could doubtless be certified to this court. Since this is not an issue, we render no decision on the question.

Case reversed, and remanded with directions to sustain writ, subject to provision as to temporary de facto corporation. —Reversed and remanded, with directions.

All JUSTICES concur.

### SUPPLEMENT TO OPINION

PER CURIAM—The above matter having come before this court upon the application of the appellees for certain orders in the nature of a petition for rehearing, the opinion previously filed herein is revised and supplemented by adding thereto the following:

This cause is remanded to the District Court of Butler County, with directions that the court enter necessary order or orders permitting Greene Community School District, composed of the seven districts involved in this action, as a de facto school corporation, to operate the schools involved in this case during the school year 1957-1958, and in said order the District Court shall grant the said school district authority to take whatever action is necessary to properly operate the schools.

Said court shall also take steps to dissolve the de facto corporation as of the end of the school year, and in any event not later than July 1, 1958.

Except as herein provided the petition for rehearing is overruled.