**STATE of Missouri on the Information of John C. DANFORTH, Attorney General, at the Relation of the Reorganized School District R–V of Grundy County, Missouri, Relator-Appellant,**

**v.**

**MILAN C–II SCHOOL DISTRICT, SULLIVAN COUNTY, Missouri; Willard Schnelle as President and Member; Charles Crocker, as Vice-President and Member; Earl McKee, Member; Buddy Nickell, Member; Glen Junior Steele, as Secretary and Member; and James Fulk, Member, of the Board of Education of Milan C–II School District, Sullivan County, Missouri, Respondents.**

No. 54487.

Supreme Court of Missouri, Division No. 1.

Nov. 10, 1969.

Robison & Miller, Maysville, for appellant.

L. E. Atherton, M. E. Montgomery, P. M. Marr, Milan, for respondents.

PER CURIAM.

Quo warranto to test legality of organization of a new six-director school district, known as Milan C–II School District of Sullivan County. Trial court upheld legality of organization. Relator appealed.

On March 29, 1966, a petition, reading as follows, was presented to the Sullivan County Court:

"We, the undersigned qualified voters of School Districts numbered Grundy County R-5 of Grundy County, Missouri, in accordance with Section 162.221 RSMo 1959, V.A.M.S. as amended do hereby petition the county superintendent of Sullivan County, Missouri, to visit this community to investigate the needs of the area and determine the exact boundaries of a proposed district which shall include Milan R-2 School District of Sullivan County, Missouri and Grundy County R-5 of Grundy County, Missouri, and to locate the boundary lines as well, in his judgment, form the best possible six director district, having regard also to the welfare of adjoining districts, and to post notices of a special election to vote on the organization of said consolidated school district."

The petition was presented to the county court because there was no county superintendent of schools in Sullivan County, § 179.220(7), RSMo 1967 Cum.Supp., V.A.M.S.

In the performance of the duties otherwise imposed upon the county superintendent of schools, the county court undertook to set the boundaries of the proposed new district. The boundaries fixed by the court included all of R-II District of Sullivan County, but only a portion of R-V District of Grundy County.

On July 22, 1966, an election on the formation of the proposed new district was held in the area included within such district. The vote was in favor of formation of the new district. An election of directors for the new district was held August 19, 1966 and six directors elected who proceeded to manage the affairs of the new district.

The information in quo warranto was filed in the Sullivan County Circuit Court on November 8, 1967. The basis of the attack on the legality of the new district was that § 162.211, RSMo 1967 Cum.Supp., V.A.M.S., authorizing the formation of six-director school districts, did not authorize the formation of such a district by the combination of an existing six-director district with a part of another existing six-director district. The relator alleged that, in the situation presented, a new district could be formed only from existing whole districts. The trial court rejected the relator's position. The only question on this appeal is whether or not the trial court's construction of § 162.211 was erroneous.

Section 162.211 is the product of a codification of school laws, enacted by Senate Bill No. 3 of the 72nd General Assembly. Laws of Missouri, 1963, pp. 200–335. The new enactment embodied 433 new sections. Section 3–21 of the act, now § 162.211, V.A.M.S., read as follows:

"A six-director school district may be established by the voters of

"(1) Any common school district which contains a city or town;

"(2) Any city or town which is divided by a school district boundary line and which is not located in a county of the first class;

"(3) Any two or more adjacent six-director districts without limitations as to size or enrollment; or

"(4) Any common school district which has two hundred or more children of school age by the last enumeration or any two or more adjacent common school districts which together have an area of fifty square miles or have an enumeration of at least two hundred children of school age."

Section 3–22, now § 162.221, provides, in part:

"1. When the voters of any one or more districts as authorized in section 3–21 [162.211] desire to form a six-director district, a petition signed by at least twenty-five voters of the district or districts shall be filed with the county superintendent of public schools. On receipt of the petition

the county superintendent shall visit the districts and investigate the needs of the area and determine the exact boundaries of the proposed six-director district. In determining these boundaries, he shall so locate the boundary lines as will in his judgment form the best possible six-director district, having due regard also to the welfare of adjoining districts."

These sections replace numerous previously existing provisions for the formation of what were previously known as city or town and consolidated school districts. § 165.263, §§ 165.270–283, RSMo 1959, V. A.M.S.

The previous statutes had no uniform procedure for the formation of the various districts. The pattern of legislation was to prescribe a different procedure, not only for different classes of schools, but also for schools of the same class, particularly consolidated schools. The history of the consolidated school statutes is set out in State at Inf. of Taylor ex rel. Zeliff v. Whitford et al., 233 S.W.2d 694, decided by the court en banc in 1950. As there pointed out, the original consolidation statute was enacted in 1901. Laws of 1901, p. 249. With some interim amendments, this provision was § 165.270, RSMo 1959, repealed by Senate Bill No. 3 of the 72nd General Assembly, supra. The coverage of that provision and the procedure it prescribed are not here material.

The scope of consolidation statutes was broadened in 1913. Laws of 1913, p. 721. As summarized in State v. Whitford, supra, that act "authorized the qualified voters of any community in Missouri to 'organize a consolidated school district for the purpose of maintaining both elementary schools and a high school'. Section 2 of the 1913 Act, Sec. 10494 [§ 165.280, RSMo 1959], required such a consolidated district to contain at least 12 square miles or to have an enumeration of at least 200 children of school age and provided that it could not include any town or city district that had 200 children of school age. By

amendment, Laws 1925, p. 330, the minimum area requirement was increased to 50 square miles and the size of a town or city school district that could not be included was raised to 500 children. Section 10495 [§ 165.283, RSMo 1959] commences as follows: 'When the resident citizens of any community desire to form a consolidated district, a petition signed by at least twenty-five qualified voters of said community shall be filed with the county superintendent of public schools. On receipt of said petition, it shall be the duty of the county superintendent to visit said community and investigate the needs of the community and determine the exact boundaries of the proposed consolidated district.' Section 10495 [§ 165.283, RSMo 1959] then provides the procedure to be followed by the county superintendent, which includes calling a special meeting of all the qualified voters of the proposed consolidated district to consider the question of consolidation. This meeting is to be at a time and place fixed by the superintendent."

State v. Whitford also deals with a 1941 enactment (Laws of 1941, p. 545), found in § 165.273, RSMo 1959, likewise repealed by Senate Bill No. 3, supra. As explained in Whitford, that act "does specifically authorize taking consolidated districts into new consolidated districts, as no other section ever has; and thus it seems reasonable to believe that the General Assembly thought it was necessary for that purpose. It also requires at least 15 petitioners from each district to be included (while under 10495 they could all live in one district) and it requires separate elections in each district. *Also unlike 10495, it authorizes consolidation of whole districts only.*" (Emphasis supplied.)

Numerous cases decided under the 1913 act held that, in fixing the boundaries of a proposed new consolidated district under that act, the superintendent of schools was not limited by existing district boundaries. As stated in State ex inf. Thompson ex rel.

Keneppe v. Scott, 304 Mo. 664, 264 S.W. 369, 371 [3]:

"There is nothing in either of the sections referred to requiring the county superintendent of schools to pay any attention to boundaries of existing school districts in determining the boundaries of a consolidated school district proposed to be formed in any given community. It has been held a number of times that such districts may be so formed. State ex inf. Bothwell ex rel. Gray v. Schuster, 285 Mo. 399, loc. cit. 409, 227 S.W. 60; State by Hammett ex rel. Roberts v. Stephens, 294 Mo. 504, loc. cit. 511, 243 S.W. 89, loc. cit. 90; State ex rel. Hilbert v. Glaves, 268 Mo. 100, loc. cit. 104, 105, 186 S.W. 685; State ex rel. School Dist. Nos. 52 & 53 of Cass County v. Wright, 270 Mo. 376, loc. cit. 387, 194 S.W. 35."

The cases so holding are based upon the provisions of Section 3 of the 1913 act (§ 165.283, RSMo 1959), requiring the county superintendent of schools to establish the boundaries of the proposed new district in such manner "as will in his judgment form the best possible consolidated district, having due regard also to the welfare of adjoining districts."

As the law now stands, § 162.211, RSMo 1967 Cum.Supp., V.A.M.S., designates the classes of districts from which new six-director districts may be formed. Sub-paragraph (3) clearly authorizes the formation of a new six-director district from two or more adjacent six-director districts. Section 167.221 sets out the procedure whereby the formation of a new district is to be accomplished. In specifying that procedure, the legislature did not take the procedure formerly found in § 165.273, which the court, in Whitford, supra, said did not permit consolidation of parts of districts. Instead, the legislature took the procedure heretofore established by § 165.283, which had a long history of judicial construction and practical application permitting the division of districts in the formation of a new district. In making such choice, the legislature is presumed to have been familiar with the settled judicial construction of the old law. State ex rel. Smith v. Atterbury, 364 Mo. 963, 270 S.W.2d 399, 403–404 [1–6]. The appellant points to no language of the statute which imposes the limitation which they urge. In view of the history of the legislation, we are unable to impose a limitation or restriction not to be found in the act itself.

Appellant points to no case in which it was held that, in a proceeding under the 1913 act, division of a district was impermissible. In State ex rel. Gentry v. Vickers, 320 Mo. 383, 8 S.W.2d 619, the court held, in a consolidation under the 1913 act, that a proposed consolidated district could not properly overlap a neighboring consolidated district. However, the basis for the decision in that case was the doctrine of prior jurisdiction, not the absence of authority to divide a component district.

The cases of State ex inf. Conkling ex rel. Hendricks v. Sweaney, 270 Mo. 685, 195 S.W. 714; State ex rel. Buckley v. Thompson, 323 Mo. 248, 19 S.W.2d 714; and State ex rel. Consolidated Dist. No. 13, New Madrid County v. Smith, 337 Mo. 874, 86 S.W.2d 943, cited by appellant, use language to the effect that a city, town or consolidated district cannot be divided without disorganizing the district. However, none of those cases involved the provisions of § 3 of the 1913 consolidation law, which is, essentially, the law now applicable.

Judgment affirmed.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., absent.